531 So.2d 1047 (1988)
Christine DANIELS, Appellant,
v.
Florida UNEMPLOYMENT APPEALS COMMISSION, and St. Petersburg Episcopal Community, Inc., Appellees.
No. 88-134.
District Court of Appeal of Florida, Second District.
October 5, 1988.
Charles F. Reischmann and John P. Cunningham of Gulfcoast Legal Services, Inc., St. Petersburg, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
PARKER, Judge.
Daniels seeks review of the order of the Unemployment Appeals Commission (the Commission) which affirmed the denial of unemployment compensation benefits to her. Daniels filed a claim for unemployment compensation, and a claims examiner denied her claim. Daniels appealed this decision; thereafter, a hearing was held before an appeals referee who, finding that Daniels had been discharged for misconduct connected with her work, concurred with the claims examiner's determination. We quash the order of the Commission.
Daniels worked for Suncoast Manor, a nursing home, as a certified nurse's aide. Her job responsibilities consisted of attending to the personal needs of patients. The employer could assign responsibility for as many as eight to ten patients to each aide.
On May 1, 1987, Daniels was attending to several patients at the nursing home and placed one patient on a bedside commode. This patient was not one of Daniels' assigned patients, but Daniels stated that she always tried to help patients quickly when they needed to use the bathroom. After Daniels placed the first patient on the commode, she noticed a second patient in the hallway and a third patient heading for a doorway leading out of the nursing home. At this point, Daniels was faced with choosing between conflicting policies of the employer who had a policy against leaving a patient unattended or unrestrained on a *1048 bedside commode, but also had a policy against leaving patients in the hallway unattended. Daniels chose to stop the patient who apparently was leaving the facility. As Daniels left the first patient's room, she told the other nurse's aide who was responsible for the first patient's care that she had placed the first patient on a commode. Daniels then stopped the patient who apparently was attempting to leave the facility and returned the patient in the hall to her assigned room. During the time Daniels was assisting the other patients, the first patient fell from the commode and sustained a cut to her forehead which required stitches. The patient's family later demanded that the employer pay for the medical bills of the injured patient. On May 5, 1987, the employer discharged Daniels on the ground that she had left a patient unattended which resulted in an accident.
The appeals referee found that Daniels had no compelling reason to leave the patient she had placed on the commode.[*] This finding was not supported by competent, substantial evidence in the record. Daniels testified in detail regarding the situation which existed that caused her to leave the first patient in order to aid two other patients. The witness who testified on behalf of the employer did not dispute Daniels' version of the facts and admitted that she did not observe the incident.
Section 120.68(10), Florida Statutes (1985) requires the appellate court to set aside agency action if the court finds that "the agency's action depends on any finding of fact that is not supported by competent, substantial evidence in the record." In this case, the Commission's decision depends on the finding that Daniels had no compelling reason to leave the first patient, a finding that is not supported by competent, substantial evidence in the record. See Shacklett v. Florida Unemployment Appeals Commission, 460 So.2d 557 (Fla. 2d DCA 1984).
Even if we were to conclude that the referee's findings of fact were supported by competent, substantial evidence, we find, as a matter of law, that Daniels' actions did not constitute misconduct. The Unemployment Compensation Law defines misconduct as follows:
(24) MISCONDUCT. "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(24), Fla. Stat. (1985).
Daniels was attempting to perform the duties of her employment as defined by her employer. The record reflects no testimony proving any previous similar occurrences. In this case, Daniels advised the employee actually responsible for the injured patient of the patient's need for attention. Daniels then obeyed the employer's separate policies to keep unattended patients in their room and to prevent patients from leaving the safety of the nursing home. Her actions were, at most, bad judgment and not misconduct. See McKinney v. United States Sugar Corp., 492 So.2d 478 (Fla. 4th DCA 1986).
We, accordingly, quash the order of the Unemployment Appeals Commission and remand to the Commission with instructions that Daniels be awarded unemployment compensation benefits.
FRANK, A.C.J., and HALL, J., concur.
NOTES
[*] The appeals referee erroneously included this finding in the conclusions of law section of the decision. It is clear, however, that this statement is a finding of fact.