597 So.2d 382 (1992)
Jean D. ROGERS, Appellant,
v.
Florida UNEMPLOYMENT APPEALS COMMISSION and USAFACEUR, Appellees.
No. 87-00722.
District Court of Appeal of Florida, Second District.
April 17, 1992.
Jean D. Rogers, pro se.
John D. Maher, Tallahassee, for appellee, Florida Unemployment Appeals Com'n.
PARKER, Judge.
Jean Rogers appeals an order of the Unemployment Appeals Commission which affirmed the decision of the appeals referee denying Rogers' claim for unemployment compensation benefits. We reverse, concluding that the appeals referee's decision depends on findings of fact not supported by competent and substantial evidence in the record. We further conclude that, as a matter of law, the findings of fact as set forth by the appeals referee do not establish misconduct.
The evidence presented at her hearing before the appeals referee consisted entirely of Rogers' testimony, which was disjointed and unorganized. Following Rogers' testimony and a summation, the appeals *383 referee concluded that Rogers was discharged for misconduct connected with her employment and was disqualified from receiving unemployment compensation benefits.
The findings made by the appeals referee to support her decision were: (1) Rogers, while employed as a civilian preschool teacher by the U.S. Army in Germany, left a classroom of children unattended while she searched the school grounds for a missing child; (2) Rogers previously had been warned in writing that if she left her students again, she would be discharged from her employment; (3) before leaving the classroom to locate the child, Rogers unsuccessfully attempted by telephone to seek help from an aide; and (4) Rogers felt it was necessary that she leave the room and search for the child. The appeals referee found that Rogers' "act of leaving the children in the class unattended possibly placed several children in a position where they might incur some type of harm because of lack of an adult to supervise them as opposed to one child who was unsupervised."
We recognize that the referee's decision comes to the Unemployment Appeals Commission clothed with the same presumptions of correctness that a trial court's final judgment comes to this court. National Ins. Services, Inc. v. Florida Unemployment Appeals Comm'n, 495 So.2d 244, 245 (Fla. 2d DCA 1986). Also, appellate courts will not disturb the referee's decision if her findings and conclusions are supported by competent and substantial evidence. Fort Myers Pump and Supply, Inc. v. Florida Dep't of Labor and Employment Security, 373 So.2d 429 (Fla. 2d DCA 1979). However, when an agency's decision depends on a finding of fact that is not supported by competent and substantial evidence in the record, this court is required to set aside the agency action. See § 120.68(10), Fla. Stat. (1985)[1]; Daniels v. Florida Unemployment Appeals Comm'n, 531 So.2d 1047 (Fla. 2d DCA 1988).
The record in this case, taken as a whole, is ambiguous, especially regarding the warning Rogers received. Rogers simply testified that she was warned. The record does not disclose the content of the warning. Furthermore, the record contains no evidence regarding the possible harm imposed upon the children by Rogers. Thus the appeals referee's decision depends on findings that are not supported by competent and substantial evidence in the record.
Even if the referee's findings of fact were supported by substantial and competent evidence, we find as a matter of law that Rogers' actions, as set forth by the appeals referee in her findings of fact, did not constitute misconduct. Florida's unemployment compensation statute defines misconduct as including:
[B]ut is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(24), Fla. Stat. (1985). The burden of proving misconduct is on the employer. Lewis v. Unemployment Appeals Comm'n, 498 So.2d 608 (Fla. 5th DCA 1986). The record contains no evidence regarding Rogers' duties or the established rules or policies of the school. The record also contains no evidence of Rogers' intentional refusal to comply with established policies or of misconduct characterized as willful and wanton disregard of the employers' interests, as required by section 443.036(24). We conclude based on the record that Rogers' actions were, at most, bad judgment and not misconduct. See Daniels, 531 So.2d at 1048.
*384 We, accordingly, quash the order of the Florida Unemployment Appeals Commission and remand to the Commission with instructions that Rogers be awarded unemployment compensation benefits.
CAMPBELL, A.C.J., and McDONALD, RANDALL G., Associate Judge, concur.
NOTES
[1] Rogers' discharge occurred in October 1985.