695 So.2d 879 (1997)
Stuart BROOKS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 96-821.
District Court of Appeal of Florida, Fifth District.
June 20, 1997.
*880 Stuart K. Brooks, Winter Park, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
ANTOON, Judge.
Stuart K. Brooks appeals the final order entered by the State of Florida Unemployment Appeals Commission (UAC) affirming the appeals referee's determination that Brooks was not entitled to receive unemployment compensation benefits. We affirm.
Following his termination from employment with Westinghouse Electric Corporation, Brooks filed an application for unemployment compensation benefits. In the application he alleged that he had been terminated in retaliation for making a claim that Westinghouse had violated his rights under the Americans With Disabilities Act (ADA).[1] Thereafter, a hearing was conducted by the appeals referee in which various Westinghouse employees, including Brooks, testified. Upon review of the testimony, the referee determined that there was no competent substantial evidence supporting Brook's allegation that he was discharged in retaliation for making a claim under the ADA. Furthermore, the appeals referee found that Westinghouse had discharged Brooks for improperly altering his attendance records, and that, consequently, Brooks was not entitled to receive benefits because such conduct constituted "misconduct" connected with his work. Brooks appealed the referee's decision to the UAC. The UAC affirmed the ruling. This appeal followed.
Workers who are discharged for misconduct connected with their work are disqualified from receiving unemployment compensation benefits under section 443.101(1)(a)2, Florida Statutes (1995). Misconduct is defined as follows:
MISCONDUCT."Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (1995).
Here, the appeals referee made specific findings of fact to support the conclusion that Brooks had been discharged for misconduct. In this regard, the referee determined that Brooks had altered his attendance records to show that he was at work when he had not been, and that Brooks knew or should have known that such conduct "was a violation of his duties and obligations" to Westinghouse. On appeal, the UAC affirmed this ruling.
*881 The UAC is bound by the findings of fact made by the appeals referee as long as competent substantial evidence is present in the record to support them. Odom v. Unemployment Appeals Comm'n, 586 So.2d 504 (Fla. 5th DCA 1991). Likewise, the UAC's interpretation of the law cannot be overturned by this court unless it is clearly erroneous. Department of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815 (Fla. 1983), appeal dismissed sub nom. Southeast Volusia Hosp. Dist. v. Florida Patient's Compensation Fund, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). Our review of the instant record reveals that substantial competent evidence exists to support the findings of fact set forth by the appeals referee and that the UAC properly interpreted the law. Accordingly, we affirm.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] 42 U.S.C.A. § 12101, et seq. (1995).