W. SHARP, Judge,
dissenting.
I disagree that the evidence in this case supports the appeals referee’s order (affirmed by the Commission), which found that Giordani was discharged for misconduct connected with her work. Section 443.101(l)(a), Florida Statutes (1995) provides that no benefits may be received if an employee is discharged for misconduct connected with his work! “Misconduct” is defined as:
[I]ncludes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (1995).
The testimony in this case was undisputed. Giordani was hired by Oakview Care Center, a nursing home. On April 9, 1996, Giordani was working the 3:00 p.m. to 11:00 p.m. shift when a resident returned to the facility from Dr. Levy, an eye surgeon. The resident had just had cataract surgery and had a patch *899 over her eye. Dr. Levy’s nurse told Giordani that the resident tried to pull the patch from her eye, that they had to use soft restraints in the office, and that “Dr. Levy needed to have that patch .on that eye, no matter what.” Because of the resident’s behavior in his office, Dr. Levy sent a set of soft wrist restraints, along with prescription medication, with the resident on her return to the nursing home.
The nursing home had a policy against using restraints and required that any order for restraints be cleared with its in-house doctor. Giordani was caring for 60 patients on the' floor, and was pressed for time to resolve the conflict. She applied the wrist restraints before receiving approval from the in-house physician. The in-house physician later “backed up” Giordani’s decision and agreed that the soft restraints should have been applied. Nonetheless, because Giordani did not receive prior approval, she was terminated from her position.
In Folden v. Unemployment Appeals Commission, 696 So.2d 537 (Fla. 5th DCA 1997), we recently held that Folden’s actions in leaving her nurses’ station and floor unattended, although negligent, was not disqualifying conduct. Folden, who was a licensed practical nurse like Giordani, assumed that another nurse had returned from her break. Folden then stepped outside the facility for a few minutes for her break. The other nurse, however, had not yet returned and so the nursing home floor was left unattended. Although we agreed with the appeals referee that Folden was negligent in merely assuming without checking to insure that the other nurse had returned, we found that this conduct did not rise to the level of “misconduct.”
Here, Giordani should have cheeked with the in-house physician before applying the soft wrist restraints. However, she was ear-ing for 60 patients on the floor, she was overworked, and her nursing supervisor would not come to her assistance. In the past, Giordani had called her supervisors, left messages on their answering machines but it had taken several hours for them to return the message. Giordani had been specifically told by Dr. Levy’s office that the patch had to stay on and that they had to use wrist restraints on the patient while at his office. Giordani applied the restraints to the patient at 7:00 p.m. when most doctor’s offices would have been closed.
Because of the instructions from Dr. Levy’s office, Giordani was placed in a position where she had to chose between competing policies. One required her to attend to the resident and insure that the resident kept the eye patch on. At the time, this seemed to require the use of wrist restraints. In fact, the failure to use wrist restraints may have subjected the nursing home to liability. The other policy required Giordani to obtain approval for the use of wrist restraints, a procedure which may have resulted in a time delay, and injury to the resident.
While: Giordam’s failure to obtain prior approval for the wrist restraints may have been negligent or in violation of the nursing home policy, this conduct does not appear to me to be a willful and wanton disregard of her employer’s interest or an intentional and substantial disregard of her obligations to her employer. Folden. See also Rogers v. Florida Unemployment Appeals Commission, 597 So.2d 382 (Fla. 2d DCA 1992) (teacher’s action in leaving class unattended to search for missing child, although violating school policy, at most showed bad judgment and not misconduct); Daniels v. Florida Unemployment Appeals Commission, 531 So.2d 1047 (Fla. 2d DCA 1988) (nurses aide’s actions in leaving patient unattended to stop a patient who was apparently leaving the facility, although in violation of facility’s policy, established bad judgment at the most and not misconduct). Put to the dilemma, Gior-dani acted in a manner designed to best protect her employer’s interests. It was established without contradiction,-that the in-house physician would have approved the use of the wrist restraints and the nursing home’s supervisor acknowledged that “somewhere down the line” those wrist restraints may have been applied to the resident.
As in Folden, the Commission argues that this case involves repeated incidents of misconduct. Giordani did receive prior warnings but the appeals referee found that some alleged prior violations had not been substantiated or would not have affected her termi *900 nation. The appeals referee did find that Giordani’s failure to properly treat a skin tear on a resident and the failure to advise a resident’s physician that blood pressure medication had been discontinued did violate the standards of behavior expected of her. However, these incidents happened more than a year before Giordani’s termination and were unrelated to the present situation.