ANTOON, Judge.
Ravisankar Yarabothu was employed by McGraw-Hill Company, Inc., as a printer operator. During his employment Mr. Yara-bothu filed two Equal Employment Opportunity Commission complaints as well as a lawsuit in federal district court against McGraw-Hill alleging employment discrimination. Even though Mr. Yarabothú admitted in a deposition that McGraw-Hill was not guilty of age or race discrimination, McGraw-Hill offered to settle the lawsuit for $22,500. In exchange for accepting the settlement offer, Mr. Yarabothu agreed to resign his employment.
After the settlement had been reached, Mr. Yarabothu reneged on the agreement causing McGraw-Hill to seek enforcement of the agreement in federal district court. Mr. Yarabothu thereafter resigned his employment but proceeded to file a claim for unemployment compensation benefits.
The claims examiner denied Mr. Yarabo-thu’s claim for benefits, concluding that he had voluntarily terminated his employment. Mr. Yarabothu appealed the denial of benefits. Following an evidentiary hearing, the appeals referee entered a decision determining that Mr. Yarabothu was not entitled to receive benefits because his voluntary resignation was not the result of good cause attributable to his employer. The Unemployment Appeals Commission (UAC) affirmed the appeals referee’s decision, and Mr. Yara-bothu appeals that decision.
Employees who voluntarily resign from their employment are not entitled to receive unemployment compensation benefits. Subsection 443.101(l)(a)l, Florida Statutes (1997) provides, in relevant part:
443.101 Disqualification for benefits. -
An individual shall be disqualified for benefits:
(l)(a) For the week in which he or she has voluntarily left his or her work without good cause attributable to his or her employing unit ... if so found by the division. ...
1. Disqualification for voluntarily quitting shall continue for the full period of unemployment next ensuing after he or she has left his or her work voluntarily without good cause and until such individual has earned income equal to or in excess of 17 times his or her weekly benefit amount; “good cause” as used in this subsection shall include only such cause as is attributable to the employing unit....
The record establishes that the appeals referee’s decision that Mr. Yarabothu voluntarily terminated his employment for reasons not attributable to his employer is supported by substantial competent evidence, and the UAC’s interpretation of the law is not clearly erroneous. We must therefore affirm. See Scholastic Book Fairs, Inc., etc. v. Unemployment Appeals Comm’n, 671 So.2d 287 (Fla. 5th DCA 1996); see also Brooks v. Unemployment Appeals Comm’n, 695 So.2d 879 (Fla. 5th DCA 1997).
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.