PER CURIAM.
John T. Nguyen appeals the Florida Unemployment Appeals Commission’s order affirming the appeals referee’s decision to deny benefits. We affirm.
Nguyen claims that the facts do not support the referee’s conclusion that Southeastern Professional Employers, Inc. (the employer) discharged him for misconduct connected with work. However, the employer presented the testimony of a general manager that Nguyen was discharged for excessive tardiness. According to the general manager, Nguyen was warned four times in writing and twice verbally that his tardiness would result in a discharge. Excessive tardiness may be a basis for a finding of misconduct connected with work within the meaning of section 443.036(26), Florida Statutes (1997). See Sumlar v. Intermodal Servs., Inc., 429 So.2d 364, 365 (Fla. 1st DCA 1983).
An appellate court must affirm a referee’s finding of misconduct if it is supported by competent, substantial evidence. See Scott v. Central Florida Tower Corp., 646 So.2d 842, 843 (Fla. 2d DCA 1994). While Nguyen denied being tardy six times and being reprimanded for tardiness, such conflicts in evidence are for the fact-finder to determine. Because the general manager’s testimony supported a finding of misconduct, we affirm.
PARKER, A.C.J., and BLUE and NORTHCUTT, JJ., Concur.