PER CURIAM.
Appellant William P. Wells appeals a final order of the Florida Unemployment Appeals Commission which affirms the decision of an appeals referee which upheld the denial of his unemployment compensation claim by the Florida Department of *625 Labor and Employment Security. Because we conclude that the decision of the appeals referee is supported by the record and that it was properly affirmed by the Commission, we affirm.
Wells was employed as a salesperson for a retail store. During a routine background check on its employees, the retail store uncovered that Wells had been convicted of two charges of issuing worthless checks which he had not declared on his employment application. Wells also failed to declare that he possessed a law degree and that his license to practice law had been suspended as a result of his criminal convictions. Additionally, Wells’ social security number was incorrectly listed in the employment application. The retail store then terminated Wells’ employment for falsifying his employment application.
Wells filed a claim for unemployment compensation benefits with the Florida Department of Labor and Employment Security which denied Wells’ claim concluding that Wells was properly discharged for a violation of his company’s rule. Wells appealed the denial of his claim to the Unemployment Compensation Appeals Bureau. Following an evidentiary hearing, the appeals referee concluded that Wells had been properly discharged from employment for misconduct connected with his work and that he was therefore not entitled to receive unemployment compensation benefits. On appeal to the Florida Unemployment Appeals Commission, the appeals referee’s decision was affirmed. Wells contends that the appeals referee erred by finding that his actions constituted misconduct sufficient to justify denial of unemployment benefits. We disagree.
Section 443.036(29), Florida Statutes, defines misconduct as “[cjonduct evincing ... willful or wanton disregard of an employer’s interests ... in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee.” The appeals referee’s finding of misconduct was based upon Wells’ deliberate attempt to conceal his criminal conviction. There is no question that Wells committed a dishonest act in connection with his work when he listed information on his employment application which he knew was false. Undoubtedly, any employer has a valid interest in the past criminal record and honesty of its employees. The question contained in the employer’s employment application, “Have you ever been convicted of a crime?” to which Wells answered in the negative, was clear and unambiguous. Later, in his unemployment compensation benefits application, Wells answered a similar question in the affirmative.
We believe, as did the appeals referee, that Wells’ failure to disclose his criminal convictions on his employment application constitutes misconduct as defined in the applicable statute. A referee’s finding of misconduct cannot be disturbed if it is supported by competent and substantial evidence. See Nguyen v. Florida Unemployment Appeals Comm’n, 755 So.2d 763 (Fla. 2d DCA 2000); Briceno v. Precision Delivery Sys., 752 So.2d 131 (Fla. 3d DCA 2000). Absent a clearly erroneous decision by the Unemployment Appeals Commission, the Commission’s decision cannot be overturned. See Brooks v. Unemployment Appeals Comm’n, 695 So.2d 879, 881 (Fla. 5th DCA 1997); Rosa v. Jefferson’s Stores, Inc., 421 So.2d 818, 819 (Fla. 4th DCA 1982). The record discloses sufficient evidence supporting the appeals referee’s findings, and the Commission’s affirmance of his decision cannot be said to be clearly erroneous.
The decision of the Unemployment Appeals Commission disqualifying Wells from unemployment compensation benefits is affirmed.
Affirmed.