HAWKES, J.
The Department of Revenue appeals a final order of the Unemployment Appeals *377 Commission (UAC) granting unemployment benefits to William Condon. The Department argues Condon is not qualified to receive unemployment benefits, because he resigned his employment after entering a negotiated agreement in settlement of his collateral PERC action. We agree and reverse.
By final action letter dated August 1, 2001, the Department discharged Condon for a second occurrence of disruptive conduct. Following his termination, Condon filed for unemployment benefits and, shortly thereafter, challenged his termination with PERC. In order to resolve the PERC claim, Condon and the Department entered into a stipulated settlement agreement. The agreement provided, in part, that Condon would be allowed to resign from his employment with the Department instead of being terminated.
The UAC concluded the agreement had no impact on Condon’s rights to collect unemployment benefits based on section 443.041(1), Florida Statutes (2000), which, in pertinent part, provides:
(1) WAIVER OF RIGHTS VOID — Any agreement by an individual to waive, release, or commute her or his rights to benefits or any other rights under this chapter shall be void.
Clearly, if Condon and the Department had entered into an agreement, the purpose of which was for Condon to waive his rights under chapter 443, Florida Statutes, the UAC would be correct. The agreement would be void and have no impact on Condon’s rights to collect unemployment benefits. However, the parties’ purpose in entering into this agreement was to avoid any potential adverse results from the pending PERC claim. Each party derived a benefit they concluded was valuable by entering the agreement. As consequence of the negotiated agreement the Department would be prevented from stating it terminated Condon, and Condon would be permitted to voluntarily resign his employment.
The rule is clear. Employees who voluntarily resign from employment without good cause attributable to the employer are not entitled to unemployment compensation benefits. See, e.g., § 443.101(1)(a)1., Fla. Stat. (2002); Yarabothu v. Unemployment Appeals Comm’n, 721 So.2d 379 (Fla. 5th DCA 1998); Quick v. N. Cent Fla. Cmty. Mental Health Ctr., 316 So.2d 301 (Fla. 1st DCA 1975). Because Condon voluntary resigned his employment, he is not entitled to unemployment compensation. Condon’s disqualification is a collateral consequence, not the primary purpose, of the negotiated agreement. The UAC’s conclusion to the contrary is clearly erroneous. The award of unemployment benefits is REVERSED.
DAVIS and VAN NORTWICK, JJ., CONCUR.