888 So.2d 69 (2004)
Denise R. SAUNDERS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellee.
No. 4D03-3167.
District Court of Appeal of Florida, Fourth District.
October 27, 2004.
*70 Isidro M. Garcia of Garcia, Elkins & Boehringer, P.A., West Palm Beach, for appellant.
John D. Maher, Tallahassee, for appellee.
WARNER, J.
Denise Saunders appeals the decision of the Unemployment Appeals Commission approving a referee's denial of her unemployment compensation claim because the referee found that Saunders committed misconduct connected with work when, as a child care worker, she left children unsupervised in order to receive emergency medical treatment. Because we conclude that her conduct did not constitute misconduct as defined by statute, we reverse.
Saunders was employed by the Drug Abuse Foundation, which provides resources to the community, including an after-school program for children. Saunders was a senior therapist at the Foundation's Discovery Center. As part of her duties, she and another employee, Rebecca Joseph, supervised children in the after-school program.
Saunders was diagnosed as a diabetic in December of 2002. In February 2003, *71 Saunders was in the office during lunch time when she began to shake and have trouble seeing. She realized she was having her first diabetic attack, which can lead to loss of consciousness. She decided to go to her relative's house two blocks from the Center to administer insulin, which she did not keep at the Center because she did not want the children or clients with drug problems to have access to the insulin or the needles used to administer the drug.
Joseph realized Saunders was having a medical problem and volunteered to drive Saunders to her destination in order to prevent her from having an accident. They left around 1:30 p.m. Neither Saunders nor Joseph informed anyone else that they were leaving. They believed that they would be back before the children arrived, as the children are usually dismissed from school around 2:30 and begin arriving at the Center around that time. Both Saunders and Joseph testified that this was the time the children arrived and introduced a letter from the Center confirming this time; however, the immediate supervisor testified that the children begin arriving as early as 2:00 p.m. Joseph testified that they made it back to the Center around 2:20. Another employee testified that Saunders and Joseph arrived back around 2:25. Four children had arrived at approximately 2:20 and were in the Center unsupervised.
The appeals referee found:
[T]he claimant was discharged for leaving her work site without permission and leaving young children unattended as a result. The claimant put herself into a position, by not keeping her medication at work, where she had to leave. Her intentions may have been well meant, but she had a responsibility to her employer to keep the site staffed. She could have contacted someone upon leaving or after arrival at the relative's home. She could have, as a supervisor directed the co-worker back to the site, or she could have made some prior arrangement to have the medications secured at the workplace. Her actions which resulted in leaving children without care were contrary to the interest of the employer and accordingly result in misconduct connected with work.
On appeal to the Unemployment Appeals Commission, the UAC, with one dissent, found that the referee's factual findings were supported by the record and his conclusion was "a reasonable application of the pertinent Laws to the facts of the case." This appeal follows.
An individual is not entitled to unemployment compensation if the individual, inter alia,"has been discharged by his or her employing unit for misconduct connected with his or her work." § 443.101(1)(a), Fla. Stat. (2002). "Misconduct" includes, but is not limited to:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
§ 443.036(29), Fla. Stat. (2002). "The statute defining misconduct should be liberally construed in favor of a claimant when determining whether a claimant should be disqualified from receiving unemployment benefits." Barnes v. UAC, 717 So.2d 120, 121-22 (Fla. 4th DCA 1998) (citing Cooks v. UAC, 670 So.2d 178 (Fla. 4th DCA 1996)). Whether a claimant committed misconduct connected with work is a question *72 of law. See id. at 121. "[W]here company policies are concerned, `misconduct usually involves repeated violations of explicit policies after several warnings.'" Grossman v. J.C. Penney Co. 2071, 689 So.2d 1206, 1207 (Fla. 3d DCA 1997) (quoting Fiedler v. Burdines, Inc., 654 So.2d 1276, 1277 (Fla. 2d DCA 1995); citing Bulkan v. UAC, 648 So.2d 846, 846 (Fla. 4th DCA 1995)).
Rogers v. Unemployment Appeals Commission, 597 So.2d 382 (Fla. 2d DCA 1992), is analogous to the instant appeal. There, a preschool teacher was fired after leaving a classroom of children unattended in order to search the school grounds for a missing child. The appeals referee found that the teacher previously left children unattended and was warned that doing so again would result in her termination; unsuccessfully attempted to receive help from an aide before leaving to search for the child; and believed it was necessary that she engage in the search. The appeals referee determined that the teacher was not entitled to unemployment benefits because she was fired for misconduct for the act of leaving the children unattended. The referee believed that her conduct placed the other children at risk because no adult was left to supervise the several children when the teacher left to search for the missing child. 597 So.2d at 383.
The second district reversed, finding, inter alia, that the referee erred in determining the teacher committed misconduct. It determined that the teacher's actions demonstrated, at most, poor judgment, not misconduct, because "[t]he record [contained] no evidence of [the teacher's] intentional refusal to comply with established policies or of misconduct characterized as willful and wanton disregard of the employers' interests." Id.
In this case, the appeals referee found that Saunders was diagnosed with diabetes and did not keep insulin at the Center because she felt it was not safe for the children. He believed that she left work that day in February because of a diabetic attack, causing her vision to blur and impairing her ability to walk. Saunders did not notify anyone she was leaving because she expected to return before the children arrived. The referee found that she returned at 2:25 when children had already arrived at the center. Based on these findings, the referee determined that Saunders's actions in leaving the children unattended were contrary to the interests of her employer.
The referee stated that although Saunders's "intentions may have been well meant, ... she had a responsibility to her employer to keep the site staffed." As in Rogers, the facts as found by the referee establish only that Saunders exercised poor judgment in leaving the children unattended without notifying anyone at the Center. Saunders was in the midst of a diabetic attack that was severe enough to blur her vision and impair her ability to walk. By deciding that she needed to get to her insulin immediately, and accepting Joseph's offer to drive as she was in no condition to do so herself, Saunders did not exhibit an intentional refusal to comply with her employer's policies or a willful and wanton disregard of her employer's interests. See id.; see also Folden v. UAC, 696 So.2d 537 (Fla. 5th DCA 1997) (finding that nurse who took break without checking whether another nurse was on duty did not commit misconduct but was in negligent violation of hospital policy); Daniels v. UAC, 531 So.2d 1047 (Fla. 2d DCA 1988) (finding that actions of nurse's aide in leaving patient unattended in order to stop a patient who appeared to be leaving the facility, although a violation of facility's policy, established bad judgment, not misconduct).
*73 The appeals referee found that neither Saunders nor Joseph notified anyone that they were leaving because they intended to be back before any children arrived. At most, this evidence demonstrates that Saunders exercised poor judgment in leaving the facility without notifying anyone, not that she intentionally disregarded her duties and obligations or willfully and wantonly disregarded her employer's interests. See Garcia v. UAC, 872 So.2d 966, 969-70 (Fla. 3d DCA 2004) ("Where the employee's downfall is the result of an error in judgment as opposed to intentional disregard of duties and obligations, there is no misconduct."); Gilbert v. Dep't of Corr., 696 So.2d 416, 418 (Fla. 1st DCA 1997) ("Temporary absence from work because of illness or injury does not constitute misconduct connected with work of a kind that disqualifies a discharged employee from receiving unemployment compensation benefits.").
As Saunders left the facility during her lunch break to obtain insulin in order to treat a diabetic attack, and she believed that she would be back at the Center before any children arrived at 2:30, she did not intentionally refuse to comply with her employer's policies or willfully and wantonly disregard her employer's interests. The facts do not constitute "misconduct" within the statutory definition.
The decision of the Unemployment Appeals Commission is reversed.
SHAHOOD, J., and GATES, MICHAEL L., Associate Judge, concur.