WELLS, Judge.
We affirm the final order of the Unemployment Appeals Commission which concluded that the claimant was discharged for misconduct connected with her employment. See Brooks v. Unemployment Appeals Comm’n, 695 So.2d 879 (Fla. 5th DCA 1997)(concluding that unemployment compensation claimant engaged in misconduct, so as to be disqualified from receiving benefits, when he altered his attendance records to show that he had been at work when he had not); Ford v. Southeast Atlantic Corp., 588 So.2d 1039, 1041 (Fla. 1st DCA 1991)(concluding that employee was properly denied benefits and observing “repeated' acts in violation of company policy are not necessary to - constitute misconduct within the meaning of Chapter 443”); Alles v. Dep’t of Prof'l Regulation, 423 So.2d 624, 625-26 (Fla. 5th DCA 1982)(eiting to Chapter 120 and observing “[t]he agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which ■ the findings ' were based did not comply with essential requirements of law”).
Affirmed.
SHEPHERD, J., concurs.