914 So.2d 1033 (2005)
JAMES D. HINSON ELECTRICAL CONTRACTING COMPANY, INC., Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Brian P. Pittman, Appellees.
No. 1D05-2106.
District Court of Appeal of Florida, First District.
November 21, 2005.
E. Lanny Russell and John F. MacLennan, of Smith Hulsey & Busey, Jacksonville, for Appellant.
Geri Atkinson-Hazelton, General Counsel, Unemployment Appeals Commission and Louis A. Gutierrez, Senior Attorney, Unemployment Appeals Commission, Tallahassee, for Appellees.
PER CURIAM.
This appeal is from a final order of the Unemployment Appeals Commission rejecting the appeals referee's recommendation and awarding appellee, Brian P. Pittman, unemployment compensation benefits. We reverse and remand with directions.
There is competent, substantial evidence to support the appeals referee's finding that the appellee refused a reasonable work assignment from the employer. The referee correctly concluded that this action constituted misconduct which disqualified appellee from receiving benefits. See Givens v. Fla. Unemployment Appeals Comm'n, 888 So.2d 169 (Fla. 3rd DCA 2004)(holding that employee discharged for refusal, contrary to the direct orders of his supervisor, to operate a forklift which was a part of his job assignment, was discharged for misconduct connected with work and ineligible for unemployment compensation benefits); Dorisma v. Fla. Unemployment Appeals Comm'n, 544 So.2d 1110, 1111 (Fla. 3d DCA 1989) (holding that appellant's refusal to work additional hours when the employer was faced with an extreme workplace situation constituted misconduct connected with work and, thus, disqualified the appellant from receiving unemployment compensation benefits); Hines v. Dept. of Labor and Employment Sec., 455 So.2d 1104, 1107 (Fla. 3d DCA 1984) (holding that appellant's refusal to comply with foreman's legitimate work order is in itself sufficient to *1034 constitute misconduct connected with work); National Ins. Serv. Inc. v. Fla. Unemployment Appeals Comm'n, 495 So.2d 244 (Fla. 2d DCA 1986) (holding that refusal to comply with reasonable demand that employees take turns cleaning coffee area constituted misconduct rendering employee ineligible for unemployment compensation benefits).
We reverse the Unemployment Appeals Commission's order and remand with instructions that the appeals referee's decision be reinstated.
BARFIELD and VAN NORTWICK, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
I respectfully dissent. Although competent, substantial evidence supports the appeals referee's finding that claimant, Brian Pittman, refused a reasonable work assignment from the employer, our standard of review over the issue raised is not, in my judgment, that of competent, substantial evidence, but rather one of de novo review, in that the appeal turns on whether the Commission correctly applied the provisions of section 443.036(29), Florida Statutes (2005), defining misconduct,[1] to the case at bar. In my opinion, it did.
The dispositive facts, as recited by the appeals referee, are that claimant, employed primarily as a heavy equipment operator, was told by his employer to proceed to a job site approximately five miles away to work as a laborer pulling electrical cable. When claimant refused the assignment, his supervisor told him to go home. Upon returning to his employment the following day, he was discharged for insubordination because of his refusal. In reversing the referee's determination disqualifying claimant from benefits based upon a finding of misconduct, the Commission found that nothing in the record showed that claimant was ever given an ultimatum to perform the task or be discharged. It concluded that because the employer did not inform the claimant that his decision to return to his home carried any greater punishment than not receiving wages for the remainder of the day, his action did not rise to the level of misconduct, as defined by statute.
I see nothing unreasonable in the Commission's interpretation of section 443.036(29). It has long been recognized that a reviewing court should not overturn an agency's construction of the law which it is charged with the responsibility of regulating, unless it is clearly erroneous. See Dep't of Ins. v. S.E. Volusia Hosp. Dist., 438 So.2d 815, 820 (Fla.1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984); Brooks v. Unemployment Appeals Comm'n, 695 So.2d 879 (Fla. 5th DCA 1997). The statute plainly speaks in terms of a worker's conduct that displays willful or wanton disregard of the employer's interests. The Commission found, and the evidence supports, that when claimant's supervisor sent him home following his refusal, the order was not then accompanied by any warning that if he failed to comply with the direction he would face immediate dismissal. As a result, claimant was not given any notice that his failure to carry out the assignment would result in his termination from employment. The Commission correctly recognized in its order that had claimant then been given such an ultimatum and persisted *1035 in his refusal, such act would have constituted misconduct. Thus, the facts in the instant case are dissimilar from those recited in the majority's opinion, which show an immediate discharge following the employee's insubordination.
In interpreting the statute in the manner in which it did, the Commission was altogether aware that the provisions of the unemployment compensation statute are to be liberally construed in favor of awarding benefits to claimants, while the penalty provisions are to be narrowly construed. See Pallas v. Unemployment Appeals Comm'n, 578 So.2d 487 (Fla. 5th DCA 1991). Moreover, the Commission has the prerogative of determining whether the appeals referee had erroneously construed the law, and, in exercising such prerogative, it is authorized to reject the referee's conclusion and substitute what it considers to be a correct conclusion. See Microfile, Inc. v. Williams, 425 So.2d 1218 (Fla. 2d DCA 1983). Because I am unable to say that the Commission's interpretation of the statute was clearly erroneous, I would affirm.
NOTES
[1] Section 443.036(29)(a) defines misconduct as "[c]onduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee."