923 So.2d 1240 (2006)
Jason SAUERLAND, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D05-1834.
District Court of Appeal of Florida, First District.
March 23, 2006.
Jason Sauerland, pro se, for Appellant.
Geri Atkinson-Hazelton, General Counsel; John D. Maher, Deputy General Counsel; Louis A. Gutierrez, Senior Attorney, Tallahassee, for Appellee.
*1241 LEWIS, J.
Claimant, Jason Sauerland, appeals a final order of the Unemployment Appeals Commission ("Commission"), which affirmed the appeals referee's ruling that claimant was disqualified from receiving unemployment compensation benefits. Claimant raises two arguments on appeal, only one of which merits discussion. Claimant contends that the Commission erred in ruling that he was discharged for misconduct connected with work. Concluding that the referee's findings are supported by competent, substantial evidence and that the Commission properly interpreted the law, we affirm.
Claimant, who worked as a juvenile detention officer for the employer, was required to perform ten-minute visual checks or rounds of each room he was assigned to monitor and to record those checks in a log book. On September 28, 2004, claimant made log entries at 3:00 a.m., 3:30 a.m., 3:40 a.m., and 3:50 a.m. However, a videotape of claimant's shift showed that claimant did not do rounds at 3:00 a.m., 3:40 a.m., or 3:50 a.m. As the appeals referee found, "Comparison of the content of the tapes and the claimant's log entries revealed at least two logged rounds that did not occur." Claimant admitted to making entries in the log book for rounds that did not occur and did not contest the accuracy of the employer's records. Claimant's supervisor informed claimant that falsification of official records constituted a critical offense that would result in termination. Claimant testified that he was aware of the employer's policy concerning the necessity to conduct rounds every ten minutes, that he attended an employee orientation, and that he received an employee handbook containing his job requirements.
The appeals referee concluded that claimant was discharged for misconduct connected with work and was, thus, disqualified from receiving unemployment compensation benefits. The Commission affirmed the referee's ruling. This appeal followed.
"Misconduct" for purposes of unemployment compensation benefits is defined in section 443.036(29), Florida Statutes (2004), which provides:
"Misconduct" includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
Whether a claimant commits misconduct connected with work is a question of law. Saunders v. Unemployment Appeals Comm'n, 888 So.2d 69, 71-72 (Fla. 4th DCA 2004). An appeals referee's findings of fact must be accepted if supported by competent, substantial evidence. James D. Hinson Elec. Contracting Co. v. Fla. Unemployment Appeals Comm'n, 914 So.2d 1033, 1033 (Fla. 1st DCA 2005).
"[D]ishonesty is and should be grounds for dismissal and denial of benefits...." Johnson v. Unemployment Appeals Comm'n, 680 So.2d 1073, 1073 (Fla. 5th DCA 1996). In a case similar to the one at issue, the Fifth District affirmed the Commission's order affirming the appeals referee's ruling that the claimant engaged in misconduct connected with work. See Brooks v. Unemployment Appeals *1242 Comm'n, 695 So.2d 879, 881 (Fla. 5th DCA 1997). There, the appeals referee determined that the claimant altered his attendance records to show that he was at work when he had not been and that he knew or should have known that such conduct was a violation of his duties and obligations. Id. at 880. In affirming, the Fifth District found that competent, substantial evidence supported the referee's findings and that the Commission properly interpreted the law. Id. at 881.
Likewise, in Wells v. Florida Unemployment Appeals Commission, 767 So.2d 624, 625 (Fla. 3d DCA 2000), the Third District affirmed the Commission's order affirming the appeals referee's ruling that the claimant was discharged for misconduct connected with work. The Third District noted that there was no question that the claimant committed a dishonest act in connection with his work when he listed information on his employment application that he knew was false. Id. at 625. The Third District agreed with both the appeals referee and the Commission that the claimant's failure to disclose his criminal convictions on his employment application constituted misconduct connected with work. Id.; see also City of Largo v. Rodriguez, 884 So.2d 121, 123 (Fla. 2d DCA 2004) (reversing the Commission's order which reversed the appeals referee's ruling that the claimant was disqualified from receiving unemployment benefits because competent, substantial evidence supported the referee's finding that the claimant was untruthful during a grievance hearing).
Here, as in the foregoing cases, competent, substantial evidence supports the appeals referee's findings. The referee specifically found that claimant was observed making his rounds at intervals in excess of ten minutes and that claimant's log entries revealed at least two rounds that did not occur. Claimant admitted to making entries in the log book for rounds that did not occur. Claimant also testified that he was aware of the employer's policy concerning the necessity to conduct rounds every ten minutes, that he attended an employee orientation, and that he received an employee handbook containing his job requirements.
While the dissent relies upon the rule of law that misconduct sufficient to constitute disqualification from receipt of benefits usually involves repeated violations of explicit policies after several warnings, the cases it cites in support of that proposition are distinguishable from the instant case in that none of them involved dishonesty. See Saunders, 888 So.2d at 70 (holding that the claimant's conduct in leaving children at a child care center unsupervised in order to receive emergency medical treatment did not constitute misconduct connected with work); Riveras v. Unemployment Appeals Comm'n, 884 So.2d 1143, 1144 (Fla. 2d DCA 2004) (holding that the claimant's act in allowing a customer to draw funds from checking and savings accounts opened the previous day in violation of the employer's policy constituted a single act of poor judgment, not misconduct connected with work); Ash v. Fla. Unemployment Appeals Comm'n, 872 So.2d 400, 402 (Fla. 1st DCA 2004) (holding that the claimant's failure to correct her timecard constituted an isolated instance of poor judgment); Thomas v. United Parcel Serv., Inc., 864 So.2d 567, 570 (Fla. 2d DCA 2004) (holding that the claimant's refusal to submit to a search of his bag at work may have been poor judgment but was not misconduct connected with work).
The dissent also relies upon the fact that claimant performed some rounds at seven-minute intervals. However, while claimant made log entries at 3:00 a.m., 3:30 a.m., 3:40 a.m., and 3:50 a.m., the tapes revealed that claimant did not do rounds at 3:00 *1243 a.m., 3:40 a.m., or 3:50 a.m. Whether claimant made rounds close to those times does not serve to mitigate claimant's knowing misrepresentation in the log book. Claimant was aware that the ten-minute rounds were a critical part of his job. Claimant's supervisor also informed him that falsification of official records constituted a critical offense that would result in termination. Although the dissent equates claimant's action in falsifying the log book to an act of poor judgment, we cannot agree that claimant's wilful disregard of the employer's interests was anything other than misconduct connected with work.
Accordingly, because the referee's findings are supported by competent, substantial evidence and because the Commission properly interpreted the law in ruling that claimant engaged in misconduct connected with work, the Commission's order is AFFIRMED.
DAVIS, J., concurs.
ERVIN, J., dissents with written opinion.
ERVIN, J., dissenting.
I respectfully dissent. In my judgment, the employee's conduct which resulted in his discharge was an instance of poor judgment rather than the "willful or wanton disregard of an employer's interests ... found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee," nor was it "[c]arelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design" that "shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer," which is the required showing under section 443.036(29)(a) and (b), Florida Statutes (2004), to render an employee ineligible for unemployment compensation benefits based on misconduct.
In order to explain my position sufficiently, I offer the following facts in addition to those recited by the majority. Appellant was employed by Securicor New Century LLC, a Virginia business that formerly provided detention facilities and officers for the Department of Juvenile Justice. He was required to perform ten-minute visual checks of each room he was assigned to monitor, and to record the same in a log book after each round. On October 4, 2004, a quality-assurance review for September 28, 2004, revealed discrepancies between the times appellant was recorded on a videotape making visual room checks at the detention facility, and the times that he recorded in the log book as having made the checks. The record the employer presented reflects the employee performed some checks at seven-minute intervals, one at a thirteen-minute interval, and others at ten-minute intervals, but he initialed all checks as being made at ten-minute intervals. The employee's supervisor advised the employee that falsification of official records is a critical offense which can result in termination of his employment, and he was discharged.
An initial determination was made that the employee was qualified to receive unemployment compensation benefits, because the examiner determined his discharge was not for misconduct connected with work. The employer appealed that determination, asserting that falsification of logbooks and failure to perform the ten-minute checks is misconduct, and employees are terminated for such offenses.
At the telephone hearing before the appeals referee, the employee's supervisor admitted there had been no prior incidents involving the employee, nor had he been the subject of any warnings or disciplinary actions during his employment. The appeals *1244 referee ascertained that during orientation, staff are provided a copy of the handbook which they review with the human-resources staff at the facility. The ten-minute checks are stressed as a critical part of the job, and failure to meet the policy has severe consequences, including discharge. The supervisor explained there are thirteen rooms, each with windows, on the module assigned to the employee. The employee was required to look in each room every ten minutes, and note each check in a log book.
The employee acknowledged he had been informed that he could be discharged for failing to meet the employer's requirements, which he understood were mandated by the Florida Department of Juvenile Justice. The employee pointed out that he was discharged for a first offense, while on other occasions employees at the facility had received oral and written reprimands before termination of employment. The employer's representative stated the employee handbook lists offenses as minor, major, and critical; falsification of the log book is considered a critical offense which can result in immediate termination, because it is a state record. The representative further stated that such conduct "is considered a felony offense."
The appeals referee found in part that "claimant was observed making his rounds at intervals in excess of ten minutes." The referee further found claimant did not contest the accuracy of the employer's records, and expressly found that claimant "was discharged for commission of a felony by falsifying the employer's records and for willful failure to perform his duties as required." As a conclusion of law, the appeals referee held that "claimant's actions constituted misconduct within the meaning of the law and, therefore, he should not be qualified to receive benefits." Accordingly, the appeals referee reversed the initial determination that the discharge did not result from misconduct related to work.
In reviewing the referee's recommended order, the Commission rejected the referee's finding that the employee was discharged for commission of a felony, as not supported by competent substantial evidence, but found rejection of that finding did not affect the legal correctness of the referee's ultimate decision. The Commission otherwise found the record supported the referee's findings, and the referee's conclusion was deemed a reasonable application of the pertinent laws to the facts of the case. As a result, the Commission affirmed the referee's decision and ruled that the employee was disqualified from receipt of unemployment compensation benefits.
Whether a claimant commits misconduct connected with work is a question of law. See Saunders v. Unemployment Appeals Comm'n, 888 So.2d 69, 71-72 (Fla. 4th DCA 2004). When the alleged misconduct involves company policy, misconduct sufficient to constitute disqualification from receipt of unemployment benefits "`usually involves repeated violations of explicit policies after several warnings.'" See Saunders, 888 So.2d at 72 (quotations omitted). Accord Riveras v. Unemployment Appeals Comm'n, 884 So.2d 1143, 1145 (Fla. 2d DCA 2004); Thomas v. United Parcel Serv., Inc., 864 So.2d 567, 569 (Fla. 2d DCA 2004); Ash v. Fla. Unemployment Appeals Comm'n, 872 So.2d 400, 402 (Fla. 1st DCA 2004).
To meet its burden of proving the employee was terminated for misconduct connected with work, "the employer must show more than an employee's inefficiency, unsatisfactory conduct, or failure to perform in the work-place." Thomas, 864 So.2d at 569 (quoting Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d *1245 1028, 1031 (Fla. 2d DCA 1994)). Actions which warrant an employee's discharge are not necessarily "sufficiently egregious, willful, or wanton to support a denial of unemployment benefits." McKnight v. Fla. Unemployment Appeals Comm'n, 713 So.2d 1080, 1082 (Fla. 1st DCA 1998). Accord Thomas, 864 So.2d at 570. The cases cited in the majority's opinion are, in my judgment, factually distinguishable from the present case because they show the employee's deliberate and intentional disregard of the standards of behavior which the employer has the right to expect of the employee.
Although the employer in this case may have had sufficient grounds to discharge the employee, I cannot agree that the employee was guilty of misconduct as would disqualify him from receipt of unemployment benefits within the meaning of section 443.036(29). The room checks at issue constituted a single instance of the employee's violation of the employer's policy, and, indeed, the evidence the appeals referee relied upon shows the employee performed some checks at seven-minute intervals, thus closer in time than the prescribed ten-minute intervals. One check exceeded the prescribed ten-minute interval, and that by only three minutes. Contrary to the view expressed in the majority's opinion, my review of the record does not establish that the employee failed to perform required checks. Rather, it appears the employee admitted making log entries for rounds that did not occur at precisely the time initialed in the logbook. The employee had no history of violating the policy, and had never before received a warning or reprimand. Under the circumstances, I am of the opinion the employee's conduct did not rise to such degree of egregious behavior that justifies his disqualification from receipt of unemployment compensation benefits.
Therefore, I conclude the Commission erred as a matter of law, and I would reverse the Commission's order and remand the case for a determination that the employee was not discharged for misconduct connected with work, thereby qualifying him to receive unemployment benefits.