# First District Court of Appeal
## State of Florida

_____

No. 1D2024-0787

_____

Leroy Cobb, Jr.,

    Appellant,

v.

TECO Energy Inc.,

    Appellee.

_____

On appeal from the Office of the Judges of Compensation Claims.
Brian J. Anthony, Judge.

Date of Accident:  March 9, 2023.

October 15, 2025

M.K. Thomas, J.

Claimant, Leroy Cobb, Jr., appeals the Judge of Compensation Claims' (JCC) denial of temporary partial disability indemnity benefits. The JCC found Cobb was not entitled to benefits per section 440.15(4)(e), Florida Statutes (2023), as he was terminated for "misconduct." Because competent, substantial evidence (CSE) exists to support the JCC's determination, we affirm. However, we write to compare the definition of "misconduct" found in Workers' Compensation Law, section 440.02(18), Florida Statutes (2023), with the definition in Florida's Reemployment Assistance Law, section 443.036(29), Florida Statutes (2023), and to address the use of section 443.036(29) in workers' compensation proceedings.

"Whether a claimant commits misconduct connected with work is a question of law [, but the] findings of fact [on which the legal question is based] must be accepted if supported by competent, substantial evidence." *Thorkelson v. NY Pizza & Pasta, Inc.*, 956 So. 2d 542, 545 (Fla. 1st DCA 2007) (quoting *Sauerland v. Fla. Unemployment Appeals Comm'n*, 923 So. 2d 1240, 1241 (Fla. 1st DCA 2006)). The JCC identified the issue to be determined as whether Claimant's conduct and behavior amounted to "misconduct." The JCC looked to the definition of "misconduct" in section 440.02(18).

The JCC rejected Claimant's argument that because the unemployment agency found that, under the same facts, there was no misconduct and benefits were awarded, the JCC should do the same. The JCC correctly noted that the outcome of the unemployment claim was not binding on him. "A judge of compensation claims is not bound by factual findings made, or legal conclusions drawn, in unemployment compensation proceedings (if any) involving the same claimant." *Thorkelson*, 956 So. 2d at 545. "This does not mean, however, that a judge of compensation claims is free to ignore the judicial construction of the definition of 'misconduct' in the case law of which the Legislature was presumptively aware when it amended the Workers' Compensation Law." *Id.* Also, the agency had not made its determination on the merits but instead ruled in Claimant's favor because it did not receive information from the Employer. Thus, the JCC gave no weight to the unemployment award.

The parties and the JCC cited to numerous unemployment compensation decisions as examples of application of the "misconduct" standard. In *Thorkelson*, this Court recognized that the definitions of "misconduct" in section 440.02(18) and in section 443.036(29) parallel one another. *Id.* Further, "[o]ur supreme court has 'held that where the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply.'" *Id.* at 544 (citation omitted) (quoting *State v. Hearns*, 961 So. 2d 211, 217 (Fla. 2007)). But the opinions cited by the parties, inclusive of *Thorkelson*, utilize the previous definition of "misconduct" under section 443.036(29) Florida

Statutes (2004). The definition was later substantively altered in amendments effective in 2011 and 2012.

The version of subsection 443.036(29) Florida Statutes (2023) applicable here, defines "misconduct" in the reemployment assistance context as follows,

"Misconduct," irrespective of whether the misconduct occurs at the workplace or during working hours, includes, but is not limited to, the following, which may not be construed in pari materia with each other:

(a) Conduct demonstrating conscious disregard of an employer's interests and found to be a deliberate violation or disregard of the reasonable standards of behavior which the employer expects of his or her employee. Such conduct may include, but is not limited to, willful damage to an employer's property that results in damage of more than $50, or theft of employer property or property of a customer or invitee of the employer.

(b) Carelessness or negligence to a degree or recurrence that manifests culpability or wrongful intent or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.

(c) Chronic absenteeism or tardiness in deliberate violation of a known policy of the employer or one or more unapproved absences following a written reprimand or warning relating to more than one unapproved absence.

(d) A willful and deliberate violation of a standard or regulation of this state by an employee of an employer licensed or certified by this state, which violation would cause the employer to be sanctioned or have its license or certification suspended by this state.

(e)1. A violation of an employer's rule, unless the claimant can demonstrate that:

3

a. He or she did not know, and could not reasonably know, of the rule's requirements;

b. The rule is not lawful or not reasonably related to the job environment and performance; or

c. The rule is not fairly or consistently enforced.

2. Such conduct may include, but is not limited to, committing criminal assault or battery on another employee, or on a customer or invitee of the employer or committing abuse or neglect of a patient, resident, disabled person, elderly person, or child in her or his professional care.

Claimant initially framed his argument as the JCC employed the wrong legal standard, but the substance of his argument really contends that the JCC misapplied the proper statutory definition for misconduct to the facts at issue here. As previously stated, whether a claimant's conduct meets the statutory definition of misconduct constitutes a legal issue, reviewed de novo. That said, the factual findings on which the assessment is based must be affirmed if supported by CSE in the record. Where CSE supports a JCC's finding of fact, the finding must be left undisturbed, even if the record evidence could also be interpreted in support of the other side's arguments, and even if the reviewing court might have reached a different factual conclusion if it was the factfinder. *See Gulf Mgmt., Inc. v. Wall*, 375 So. 3d 296, 299–300 (Fla. 1st DCA 2023). Further, "[t]he weighing of evidence and judging of the credibility of witnesses are solely the prerogative of the JCC as finder of fact." *Id.* at 299 (internal marks and citation omitted). CSE supports the JCC's factual findings, and the JCC properly employed the definition of misconduct as set forth in section 440.02(18).

AFFIRMED.

BILBREY and LONG, JJ., concur.

4

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Bradley G. Smith and Nicolette E. Tsambis of Smith, Feddeler, Smith P.A., Lakeland, for Appellant.

Gwen G. Jacobs of Bennett, Jacobs, Adams, P.A., Tampa, for Appellee.