519 So.2d 1002 (1987)
Donald JACOB and Thomas McLean, Appellants,
v.
The SCHOOL BOARD OF LEE COUNTY, Florida and Dr. James E. Melvin, Superintendent of Schools of Lee County, Appellees.
No. 86-2837.
District Court of Appeal of Florida, Second District.
September 16, 1987.
Rehearing Denied February 10, 1988.
Terrence F. Lenick of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, P.A., Fort Myers, for appellant Donald Jacob.
Stephen J. Taminosian, Fort Myers, for appellant Thomas McLean.
Marilyn W. Miller of Harry A. Blair, P.A., Fort Myers, for appellees.
PER CURIAM.
Appellants, Donald Jacob and Thomas McLean, appeal the final order of appellee, Lee County School Board, which affirmed the decision of the Faculty Council revoking appellants' memberships in the National Honor Society. We affirm.
The sole issue raised by appellants is as follows:
WHETHER THE SCHOOL BOARD EXPLICITLY DETERMINED THAT THE HEARING OFFICER'S FINDINGS OF FACT WERE NOT BASED UPON COMPETENT, SUBSTANTIAL EVIDENCE, AND WHETHER THE SCHOOL BOARD ERRED WHEN IT REWEIGHED THE EVIDENCE AS TO FACTUAL ISSUES SINCE IT IS NOT AUTHORIZED TO SUBSTITUTE ITS INTERPRETATION OF THE FACTS *1003 FOR THAT OF THE HEARING OFFICER WHO WAS PERSONALLY ABLE TO EVALUATE THE TESTIMONY AND DEMEANOR OF THE WITNESSES.
We conclude that appellee did not reject the actual factual findings of the hearing officer, but only rejected the conclusions of the hearing officer and his interpretation of the rules applicable to the case. PERC v. Dade County Police, 467 So.2d 987 (Fla. 1985); Siess v. Department of Health and Rehabilitative Services, 468 So.2d 478 (Fla. 2d DCA 1985).
We believe the validity of appellee's action is readily apparent from a comparison of the pertinent provisions of the petitions by which appellants were charged and the corresponding pertinent provisions of appellee's final order. We, therefore, set forth verbatim those pertinent portions of the petitions and final order.
The petitions charge:
8. Alternatively, Petitioner alleges that the Respondent, THOMAS MCLEAN, [Don Jacob] flagrantly violated the rules for the examination and the instructions of his teacher when taking the examination and thereby disregarded the qualities of leadership, service and character required by the National Honor Society so as to be unfit for membership therein. In particular, the character requirements of the National Honor Society require that each member thereof comply with school regulations concerning property, programs and other facets of the educational process, demonstrate the highest standards of honesty and reliability, show courtesy, concern and respect for others, and observes instructions and rules, punctuality and faithfulness, both inside and outside the classroom and otherwise manifests truthfulness in acknowledging obedience to rules, avoids cheating in written work and otherwise conducts himself in an exemplary manner. See, National Honor Society Handbook, Character, Page 14.
9. Specifically, Mrs. Marderness administered a calculus examination on April 3, 1985 at Fort Myers High School. Prior to the day upon which the examination was scheduled, the rules expected to be followed by the students in taking the examination were explained. The students raised questions as to whether certain calculus formulae necessary to take the examination could be written down, brought into the examination and/or referred to while taking the examination. In response to these inquiries, Mrs. Marderness made it clear that this would not be allowed, and that the students would be required to commit the calculus formulae to memory. In addition, Mrs. Marderness prepared the class but [sic] giving yet a "pre-test" for the examination. The absence of any pre-test questions requiring the use of a calculator made it clear that there would be no questions on the examination for which a calculator would have been an aid to the solution.
Appellee's final order provides:
THIS MATTER came before the Lee County School Board for consideration of the report of the hearing officer containing his Findings of Fact, Conclusions of Law and Recommended Order.
After consideration of same, and review of the complete record, the Board hereby adopts the hearing officer's findings numbered 1-11 as its own:
1. On April 3, 1985, and at all times pertinent to the Petition, Respondents McLean and Jacob were enrolled as full-time students at Fort Myers High School, located in Fort Myers, Lee County, Florida.
2. At all pertinent times, the Respondents were members of the National Honor Society, having been inducted into the Society by reason of having met the qualifications for membership.
3. At all pertinent times, the Respondents were members of Mu Alpha Theta, having been selected for membership by meeting the qualifications therefor.
4. At the time the Respondents were inducted into the National Honor Society, the rules and regulations of the Society *1004 were explained, and the Respondents agreed to abide by same.
5. On April 3, 1985, Mrs. Marderness administered a calculus examination to her Advanced Placement Calculus class of 22 members. It is a two-semester course. Students were permitted to bring calculators to the examination; and, approximately eight students did so, including both Respondents. The calculators were on the desks.
6. Students in Advanced Placement Calculus must memorize complex formulae, which formulae has a pyramiding effect. This requires students to know everything from the previous examination as well as new material.
7. Prior to the day of the examination, Mrs. Marderness explained the rules of the examination and the students were told they had to memorize the formulae and that no formulas could be brought into the room for the purpose of using same on the examination.
8. Both Respondents had etched or placed certain calculus formulae on the back of the calculators. Both brought their calculators into the examination.
9. Neither Mrs. Marderness nor any student in the class observed the Respondents, or one of them, looking at the formulae on the backs of the calculators. Moreover, neither Respondent was observed even using the calculators in any manner.

10. Both Respondents received a grade of zero on the examination.
11. During the examination, Mrs. Marderness observed one student looking underneath his calculator in a suspicious manner. She picked up the calculator and found calculus formulae written down on the instruction booklet. She then began checking the other calculators in the room, including those of the Respondents. The three calculators were temporarily confiscated by the teacher.
For the reasons which follow, the Board partially rejects fact finding number 12 and rejects finding number 13 contained in his report. Number 12 recommended the Board find:
12. Neither Respondent "cribbed," cheated or attempted to cheat on the calculus examination in Mrs. Marderness' class, neither had the intent to cheat and neither had a reason to cheat. The formulae were placed on the back of the calculators for study purposes and were in fact hidden during the examination. The respondents did not use or refer to the formulae during the examination.
The record indicates unquestionably that Respondents were never observed using copies of formulae as reference material during the examination April 3, 1985, out of which the allegations against them arise. It further indicates each of them testified the formulae were brought in written on their calculators as a coincidence from previous study use of the calculators. Neither Respondent disputes that such formulae were to be committed to memory for the taking of the exam consistent with exam procedures throughout the year in that course. Neither disputes one was not allowed to refer to written copies of the formulae during the taking of the exam. Both insist, however, that since there is no evidence in the record that either actually turned over his calculator or otherwise moved it so as to be able to see and utilize the formulae written on it during the taking of the exam, that they have committed no offense.
If "cribbing" is taken to mean possessing unauthorized reference information in a manner in which it might be used without a proctor noticing the use during an examination, whether used or not, then both students by their own testimony "cribbed" during the examination. To rely on such a definition, however, diverts inquiry from the real issue. It is apparent from the record, as we have said, that there is no basis to show either student actually used such information in taking the test. To the extent the hearing officer's 12th finding states neither student possessed readily available information not allowed by the rules of the *1005 examination to which he could refer without being observed by the teacher, it is rejected. To allow such possession when taking an exam under rules requiring the commitment of the information to memory would strain the integrity of the examinees and the common sense of those called on to interpret the rules too much. Implicit in the teacher's rule is the requirement that such information be placed out of easy reach or use of the student. Respondents were aware of this requirement.
The hearing officer's 13th finding of fact reads:
13. The Respondents did not have the proclivity to cheat and did not violate the spirit and intent of the rules of the examination.
Whether either of Respondents had the proclivity to cheat is not relevant. The balance of the finding indicating they did not violate the spirit or intent of the examination rules, however, is a conclusion of law based on the matters contained in the 1st-12th fact findings or other unstated considerations, i.e., what the spirit and intent of the examination rules may have been. If the rule bars the bringing of unauthorized crib sheets into the examination, as we believe it did from our review of the record, then it clearly was violated. Such rules are intended to prevent reference to unauthorized information during examinations, not merely to make such unauthorized reference an offense. As the testimony of classmates of one of Respondents indicates, placing the formulae on the calculator was an admitted method of cheating during examinations. Since the record indicates the calculators were not even necessary during the examination, their presence with formulae inscribed falls short only of proof of actual cheating. Accordingly, Respondents did violate the spirit and intent of the rules of the examination.
Pursuant to the foregoing, the Board hereby has adopted the proposed Findings of Fact submitted by Mr. Jacob and Mr. McLean numbered 1-5 and 7. With respect to the sixth, the Board declines to adopt the finding that the pre-test instruction simply barred formulae from being brought into the room for the purpose of being used on the test. The rule barred having them available where they could be used without discovery by a proctor. The eighth proposed finding similarly is rejected for its similar interpretation of the rule, and more particularly for its conclusion of law that the students did not disobey the rule. Inasmuch as the foregoing may be considered to affect the character of the Respondents, the ninth proposed finding also is rejected.
We find no error in appellee's action and, therefore, affirm.
CAMPBELL, A.C.J., and THREADGILL, J., and UPCHURCH, Jr., FRANK D., Associate Judge, concur.