787 So.2d 935 (2001)
Roger L. BARCHOFF, Appellant,
v.
SHELLS OF ST. PETE BEACH, INC., and Florida Unemployment Appeals Commission, Appellee.
No. 2D00-2185.
District Court of Appeal of Florida, Second District.
May 30, 2001.
Belinda A. Barndollar of Stein, Ford, Schaff & Towzey, St. Petersburg, for Appellant.
Judy L. Harrelson, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
No appearance for Appellee Shells of St. Pete Beach, Inc.
SILBERMAN, Judge.
Roger Barchoff appeals the final order of the Florida Unemployment Appeals Commission that affirmed the denial of his claim for unemployment compensation benefits. As the record does not support the conclusion that Barchoff engaged in misconduct which would mandate the denial of benefits, we reverse.
*936 Barchoff was employed as a cashier/host with Shells restaurant for five years. In early January 2000, he requested days off for January 10 and 11, 2000, due to his father visiting from out of town. The request was approved by the employer. On January 11, Barchoff called his superior and asked to be off for the following day. He had been scheduled to be at work at 8 a.m., but wanted to see his father to the airport. The superior said that Barchoff could take off if Barchoff found a replacement. Barchoff did not find a replacement and did not report for work. He was discharged from employment on the next day.
Following an evidentiary hearing, the referee concluded that because Barchoff did not find a replacement or report to work as scheduled, his discharge was for misconduct. Barchoff was denied unemployment compensation benefits.
Section 443.036(29), Florida Statutes (2000), defines "misconduct" as:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
The employer has the burden of proving misconduct. However, even if the misconduct is serious enough to warrant discharge of the employee, it may not be sufficient to support the denial of unemployment compensation benefits. Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d 1028, 1030-31 (Fla. 2d DCA 1994); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992).
To meet its burden, "the employer must show more than an employee's inefficiency, unsatisfactory conduct, or failure to perform in the work-place." Doyle, 635 So.2d at 1031. Repeated violations of explicit policies, after several warnings, are usually required for a finding of misconduct. Freddo v. Unemployment Appeals Comm'n, 685 So.2d 874, 875 (Fla. 2d DCA 1996); Fiedler v. Burdines, Inc., 654 So.2d 1276, 1277 (Fla. 2d DCA 1995). Isolated instances of a failure of good performance, or good faith errors in judgment, are not deemed to be misconduct as defined in the statute. McKinney v. United States Sugar Corp., 492 So.2d 478, 481 (Fla. 4th DCA 1986).
The evidence here reflects an isolated incident of an unexcused absence. While Barchoff's failure to report to work or to find a replacement may have shown poor judgment, it does not constitute willful and deliberate misconduct warranting the denial of benefits. Dickerson v. Fla. Unemployment Appeals Comm'n, 646 So.2d 261 (Fla. 2d DCA 1994).
We therefore reverse the order of the Florida Unemployment Appeals Commission and remand for entry of an order authorizing Barchoff to receive unemployment compensation benefits.
PARKER, A.C.J., and FULMER, J., concur.