869 So.2d 1209 (2004)
Tawna COOKSEY-JAMES, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Lee Memorial Hospital, Appellees.
No. 2D02-4484.
District Court of Appeal of Florida, Second District.
March 26, 2004.
Tawna Cooksey-James, pro se.
John D. Maher, Deputy General Counsel, Tallahassee, for Appellee Unemployment Appeals Commission.
No Appearance for Appellee Lee Memorial Hospital.
CANADY, Judge.
Tawna Cooksey-James appeals an order of the Unemployment Appeals Commission (UAC) which upheld a hearing referee's determination that Cooksey-James was fired for misconduct and therefore not eligible to collect unemployment benefits. Because Cooksey-James' actions do not as a matter of law constitute misconduct justifying the denial of unemployment benefits, we reverse and remand.
Cooksey-James was fired by Lee Memorial Hospital for violating the hospital's policy that required an employee to clock-out if she left the hospital building at anytime during her shift. The policy did not require an employee to clock-out when taking her regular lunch or other paid breaks provided that she did not leave the building to do so. This policy was contained in an employment manual that had been provided to Cooksey-James.
Cooksey-James temporarily lost her regular childcare during the period immediately preceding her firing. Cooksey-James was thus required to leave work to *1210 pick her child up each day for a two-week period. She explained the situation to a charge nurse who suggested that she combine her lunch and other paid breaks and use that time to pick her child up. Cooksey-James did so each day for four days, each time explaining to that day's charge nurse what she was doing and arranging coverage for her patients with the other nurses. It is undisputed that none of the charge nurses advised her that she could not do this or that she needed to clock-out. She did not clock-out when she left.
On the fifth day, while Cooksey-James was picking up her daughter, a supervisor who had just returned from vacation came to see Cooksey-James and was told that Cooksey-James had left to pick up her daughter. Upon learning that Cooksey-James had not clocked-out to do so, the supervisor immediately instituted proceedings that resulted in Cooksey-James' firing.
Cooksey-James sought and received unemployment benefits. The employer challenged the award of benefits alleging that Cooksey-James was fired for misconduct and therefore ineligible for benefits. A hearing referee agreed, determining that Cooksey-James' conduct constituted misconduct under the definition set forth in section 443.036(29), Florida Statutes (2001). The referee therefore reversed the award of benefits. Cooksey-James appealed to the UAC, which affirmed over a well-reasoned dissent.
Section 443.101(1)(a) provides that an individual is "disqualified for [unemployment] benefits" if "discharged ... for misconduct connected with his or her work." Section 443.036(29) defines misconduct as "[c]onduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee" or "[c]arelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer." While a violation of an employer's policy may constitute misconduct, "[r]epeated violations of explicit policies, after several warnings, are usually required." Barchoff v. Shells of St. Pete Beach, Inc., 787 So.2d 935, 936 (Fla. 2d DCA 2001).
In the instant case, although Cooksey-James did violate an explicit policy, it is undisputed that she was never warned about the violation of the policy. In fact, despite the fact that she openly engaged in the activity that violated the policy no one advised her that there was any problem with her behavior until her abrupt firing. Under these circumstances, the policy violation does not constitute misconduct as defined in section 443.036(29). Because the UAC's interpretation of the law was clearly erroneous, we reverse and remand with instructions that Cooksey-James' benefits be reinstated.
Reversed and remanded.
WHATLEY and KELLY, JJ., concur.