872 So.2d 400 (2004)
Leslie G. ASH, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D03-1095.
District Court of Appeal of Florida, First District.
May 4, 2004.
Archie Hayward, Jr., Esquire, Florida Rural Legal Services, Inc., Ft. Myers, for Appellant.
Geri Atkinson-Hazelton, General Counsel; John D. Maher, Deputy General Counsel, Tallahassee, for Appellee.
PER CURIAM.
Leslie Ash appeals the order of the Unemployment Appeals Commission which determined that she was ineligible to receive unemployment compensation benefits. We reverse.
When Interstate Brands Corporation, her employer, discharged her from a job at *401 the bread store where she had worked for almost ten years, Ms. Ash applied for unemployment compensation benefits. A claims examiner found her eligible but an appeals referee ruled otherwise, after hearing her testimony and that of Michael Douglas Kirkland, a retail sales manager for Interstate Brands. The appeals referee made the following findings of fact:
The claimant was employed as a lead clerk from August 22, 1994, through September 12, 2002. The claimant was responsible for stocking the store, taking orders and doing light cleaning. The claimant was scheduled to start work at approximately 8:00 a.m. until close. The claimant left the job site at approximately 2:15 p.m. to go to the bank. The claimant became ill and telephoned the job site to tell the other employee she would not be back until later in the day. The claimant returned to the store at approximately 6:15 p.m. and did inventory. The claimant left the job site after 8:00 p.m. when she had worked all of the hours she was absent earlier in the day. The claimant completed her time card prior to leaving the job site at 2:15 p.m. Company policy states that a time card is not to be completed prior to the hours worked. The claimant gave her time card to the employee that submits time with it signed as having worked the hours as indicated on the time card. The claimant's supervisor was aware of the fact that the claimant was absent from the job site for the majority of the afternoon and had no knowledge of the claimant working after hours. The claimant was not authorized to work after the store had closed. The claimant's time card did not reflect the hours that were worked due to it being submitted in her absences [sic] to payroll. The claimant was discharged for falsifying her time card.
Based on these findings, the appeals referee concluded that Ms. Ash's actions constituted misconduct as defined in section 443.036(29), Florida Statutes (2002), and ordered that unemployment benefits be denied. The Unemployment Appeals Commission affirmed.
The Commission and the appeals referee erred in concluding that Ms. Ash engaged in "misconduct" disqualifying her for unemployment compensation benefits. Section 443.036(29), Florida Statutes (2002), provides:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
"In defining misconduct, courts are required to liberally construe the [unemployment compensation] statute in favor of the employee." Mason v. Load King Mfg. Co., 758 So.2d 649, 655 (Fla.2000).
"Whether an employer has the right to terminate an employee's employment and whether a terminated employee meets the disqualification criteria set out in the unemployment compensation statute are separate issues. See Cooks v. Unemployment Appeals Comm'n, 670 So.2d 178, 180 (Fla. 4th DCA 1996); Livingston v. Tucker Constr. & Eng., Inc., 656 So.2d 499, 500 (Fla. 2d DCA 1995); Hummer v. Unemployment Appeals Comm'n, 573 *402 So.2d 135,137 (Fla. 5th DCA 1991)." Lusby v. Unemplmt. App. Comm'n, 697 So.2d 567, 568 (Fla. 1st DCA 1997). A single, isolated act of negligence does not constitute disqualifying misconduct. See, e.g., Cooks, 670 So.2d at 180; Johnson v. Unemplmt. App. Comm'n, 513 So.2d 1098, 1099 (Fla. 3d DCA 1987). "While a violation of an employer's policy[1] may constitute misconduct, `[r]epeated violations of explicit policies, after several warnings, are usually required.' Barchoff v. Shells of St. Pete Beach, Inc., 787 So.2d 935, 936 (Fla. 2d DCA 2001)." Cooksey-James v. Unemplmt. App. Comm'n, 869 So.2d 1209 (Fla. 2d DCA 2004).
In Seger v. Danner Construction Co., 611 So.2d 82 (Fla. 2d DCA 1992), an employee was warned when he failed to show up for work one Saturday and terminated when he was absent again the following Saturday, without notifying the employer beforehand. While the Second District concluded that the employee was guilty of poor judgment, it also concluded that the poor judgment did not rise to the level of misconduct. We reach a similar conclusion with regard to the actions of Ms. Ash in the instant case.
Her failure to correct her timecard was understandable in light of the fact that making corrections was impossible by the time she returned to the store, because the cards had been removed by then. The only departure from company policy proven was in filling the timecard out before the whole day had been worked. Ms. Ash came back to the store and made up the hours she had missed due to her illness.
"[T]he conduct complained of was, at most, an isolated incident of poor judgment that did not rise to a level of `misconduct,' as the claimant was not acting willfully, wantonly, or in substantial disregard of the employer's interest. See §§ 443.036(29), 443.101, Fla. Stat. (2001); McKnight v. Florida Unemployment Appeals Comm'n, 713 So.2d 1080 (Fla. 1st DCA 1998); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37 (Fla. 3d DCA 1996); Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995); Smith v. Krugman-Kadi, 547 So.2d 677 (Fla. 1st DCA 1989), review denied, 558 So.2d 20 (Fla.1990); Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982)." Cohen v. Unemplmt. App. Comm'n, 868 So.2d 664 (Fla. 3d DCA 2004).
REVERSED AND REMANDED.
WEBSTER and BENTON, JJ., concur; ALLEN, J., concurs in result only.
NOTES
[1] The findings of fact of the appeals referee are supported by competent, substantial evidence except that the referee's finding that appellant knowingly violated a store policy by working after hours is contradicted by Ms. Ash's testimony that she was unaware of such a policy. The employer offered no evidence to the contrary. Thus, there was no evidence on which to base a finding that the employee knowingly violated this policy.