889 So.2d 933 (2004)
Maria E. VILAR, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Cintas Corporation No. 2, Appellees.
No. 2D03-5625.
District Court of Appeal of Florida, Second District.
December 17, 2004.
*934 Linda Breen, Tampa, for Appellant.
John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Cintas Corporation No. 2.
THREADGILL, EDWARD F., Senior Judge.
Maria Vilar appeals the order affirming the appeals referee's determination to deny her unemployment compensation benefits based on "misconduct connected with work." Because Vilar's conduct did not constitute "misconduct" such as to deny her unemployment compensation benefits, we reverse. Vilar does not contest the referee's findings of fact. Before Vilar was fired, she had been working for Cintas Corporation as a second sorter for more than five years with no disciplinary warnings. In December 2002, Vilar went to her supervisor's office and asked about a problem with her paycheck. She was told to return to her work area and that the supervisor would tell her when the human resources officer was available to talk to her. Vilar left, but returned in a few minutes. She again was told to return to her work area, but instead she began talking to a co-worker in Spanish. The supervisor alleged Vilar cursed in Spanish. Vilar was discharged from work for not returning to her work area and for allegedly cursing. The referee found, however, that Vilar did not curse.
Based upon these findings of fact, the referee ruled Vilar was discharged for insubordination because she ignored her supervisor's reasonable instruction to return to work, which constituted misconduct connected with work and disqualified her from receiving benefits. The Unemployment Appeals Commission affirmed the referee's determination, and Vilar has appealed.
This court in Donnell v. University Community Hospital, 705 So.2d 1031, 1032 (Fla. 2d DCA 1998), set forth the *935 principles trial courts are to use in determining whether a claimant's benefits have been properly denied for misconduct.
In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant. See Gulf County School Bd. v. Washington, 567 So.2d 420 (Fla.1990); Doyle v. Florida Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994). A single incident of poor judgment or loss of self-control by a longtime employee does not constitute misconduct under section 443.036(26), Florida Statutes (1993). See Lucas v. Unemployment Appeals Comm'n, 664 So.2d 1043 (Fla. 2d DCA 1995); Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992).... "Although an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits." Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996).
See also Riveras v. Unemployment Appeals Cmm'n, 884 So.2d 1143 (Fla. 2d DCA 2004); Bivens v. Trugreen LP, 845 So.2d 347 (Fla. 2d DCA 2003); Barchoff v. Shells of St. Pete Beach, Inc., 787 So.2d 935, 936 (Fla. 2d DCA 2001); Cullen v. Neighborly Senior Servs., Inc., 775 So.2d 392, 393 (Fla. 2d DCA 2000).
"[T]he employer must show more than an employee's inefficiency, unsatisfactory conduct, or failure to perform in the work-place." Doyle, 635 So.2d at 1031; Barchoff, 787 So.2d at 936. "Repeated violations of explicit policies, after several warnings, are usually required for a finding of misconduct." Id. (citing Freddo v. Unemployment Appeals Comm'n, 685 So.2d 874, 875 (Fla. 2d DCA 1996); Fiedler v. Burdines, Inc., 654 So.2d 1276, 1277 (Fla. 2d DCA 1995)). Here, the appeals referee specifically found Vilar was a long-time employee with no previous warnings.
Although Vilar was wrong to disobey her supervisor's instructions to return to her work area, this action does not constitute "misconduct" as defined in the statute. Rather, this was an isolated instance of poor judgment that may have been enough to fire her, but it was not enough to deny benefits. Therefore, we reverse and remand with directions to award Vilar unemployment compensation benefits.
CASANUEVA and SALCINES, JJ., concur.