910 So.2d 320 (2005)
Cynthia L. BORLAND, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Gold Bank, Appellees.
No. 2D04-3305.
District Court of Appeal of Florida, Second District.
September 9, 2005.
*321 Grissim H. Walker, Jr., Bradenton, for Appellant.
Geri Atkinson-Hazelton, General Counsel, and John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, for Appellee.
No appearance for Appellee Gold Bank.
ALTENBERND, Judge.
Cynthia Borland appeals a final order issued by the Unemployment Appeals Commission affirming an appeals referee's determination that she engaged in misconduct connected with her employment with Gold Bank that disqualified her from receiving unemployment benefits. Ms. Borland's testimony was the only evidence presented at the hearing before the appeals referee. Because that testimony did not support a finding of misconduct, we reverse.
Ms. Borland was fired from her position as a teller at Gold Bank after working for the bank for six months. At the hearing before the appeals referee, which only Ms. Borland attended, Ms. Borland testified that bank personnel told her she was fired for failing to secure her cash drawer at the close of day on three occasions. Ms. Borland admitted to the appeals referee that she had indeed mistakenly failed to secure the drawer as required. She said that her actions were not intentional. She explained that the cash in the drawer remained inaccessible to anyone but bank personnel because of the security system of the bank. Thus the bank had not suffered any loss as a result of her negligence. Ms. Borland also explained that the mistake was caused in part by a bank policy prohibiting overtime, which caused the tellers to often rush through their closing procedures. She indicated that the supervisor who fired her was upset that she had to let Ms. Borland go because Ms. Borland was a good employee.
Section 443.036(29), Florida Statutes (2003), defines "misconduct" sufficient to support the denial of unemployment benefits as:
(a) Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation *322 or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
This statute is liberally construed in favor of a claimant of unemployment benefits. § 443.031, Fla. Stat. (2003). As this court has previously explained, misconduct serious enough to warrant the discharge of an employee is not necessarily serious enough to warrant a denial of benefits. Livingston v. Tucker Constr. & Eng'g, Inc., 656 So.2d 499, 500 (Fla. 2d DCA 1995). In addition, the employer has the burden of establishing an employee's misconduct. Gunther v. Barnett Banks, Inc., 598 So.2d 243, 245 (Fla. 2d DCA 1992) (citing Sears, Roebuck & Co. v. Fla. Unemployment Appeals Comm'n, 463 So.2d 465 (Fla. 2d DCA 1985)).
Because a representative of Gold Bank did not appear at the hearing before the appeals referee, the unrefuted testimony established that Ms. Borland inadvertently or negligently failed to secure her cash drawer as required by bank policies on three occasions over a six-month period. It is understandable that a bank might feel compelled for security reasons to terminate an employee who seems unable to comply with this policy. Nevertheless, Ms. Borland's mistakes do not demonstrate a "willful or wanton disregard" of the bank's interest nor "negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design." § 443.036(29). We therefore reverse the Commission's order denying Ms. Borland unemployment benefits and remand with instructions to award her unemployment benefits. See Smith v. Unemployment Appeals Comm'n, 831 So.2d 249 (Fla. 2d DCA 2002) (holding that employee's second violation of policy to not wear gloves while operating certain machinery, after warning, was not misconduct sufficient to support a denial of unemployment benefits); Frazier v. Home Shopping Club, LP., 784 So.2d 1190 (Fla. 2d DCA 2001) (holding employee's repeated failure to input certain comments in computer in accordance with company policy, even after repeated warnings, did not constitute misconduct under unemployment statute); Rogers v. Fla. Unemployment Appeals Comm'n, 597 So.2d 382 (Fla. 2d DCA 1992) (holding that preschool teacher's decision to leave a classroom of children unattended to search for a missing student after she was warned not to do so but was unable to obtain help from an aide was not misconduct); cf. Gulf County Sch. Bd. v. Washington, 567 So.2d 420 (Fla.1990) (stating, "[i]t is well settled that an employee who is discharged because he cannot adequately perform the work is entitled to unemployment compensation in spite of the fact that the employer had good reason to fire him").
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.