LaROSE, Judge.
Media General Operations, Inc. (Media General), appeals the Unemployment Appeals Commission’s (U.A.C.’s) final order finding that Gregg D. McMillen, a former Tampa, Tribune press journeyman, qualified for unemployment compensation benefits. We have jurisdiction. See Fla. RApp. P. 9.030(b)(1)(C); 9.110(a)(3). We affirm.
Mr. McMillen was a long-term employee of the Tampa Tribune. On November 15, 2005, Media General fired him for making a demeaning comment about a company vice president. Apparently disturbed after reading a letter from the vice president to employees concerning labor issues, Mr. McMillen stated, to no one in particular, that the vice president was a “stupid [expletive] moron.” Although the vice president was not present, two other employees overheard the remark and, presumably, reported Mr. McMillen’s comment to management.
Mr. McMillen appealed an initial determination denying him unemployment compensation benefits because of misconduct. The appeals referee reversed that determination. She found that Mr. McMillen’s work history reflected only one warning about an attendance matter. There was no evidence that Mr. McMillen had used or been warned about the use of improper language in the past. An employee manual provided that “employees should refrain from loud, profane or indecent language and name calling.” Yet, the appeals referee heard conflicting testimony about the prevalence and tolerance of profanity in the workplace. The appeals referee resolved these evidentiary conflicts in Mr. McMillen’s favor. She concluded that Mr. McMillen’s intemperate remark was isolated and made when he was upset. The appeals referee concluded that Mr. McMil-len qualified for unemployment compensation benefits because Medial General had not met its burden of showing misconduct as that term is defined in the unemployment compensation statute. See § 443.036(29), Fla. Stat. (2005).
Media General appealed to the U.A.C., which found that competent, substantial evidence supported the appeals referee’s decision. Here, Media General claims that Mr. McMillen’s single comment about a vice president was so egregious as to mandate reversal of the U.A.C.’s final order.
Section 443.036(29) defines misconduct as follows:
“Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
Conduct sufficient to warrant termination is not necessarily sufficient to forfeit unemployment compensation benefits. Vilar *634 v. Unemployment Appeals Comm’n, 889 So.2d 933, 935 (Fla. 2d DCA 2004); Bagenstos v. Fla. Unemployment Appeals Comm’n, 927 So.2d 153, 156 (Fla. 4th DCA 2006); Powell v. Fla. Unemployment Appeals Comm’n, 886 So.2d 420 (Fla. 1st DCA 2004). Indeed, we must construe the statute in favor of Mr. McMillen. See Vilar, 889 So.2d at 935. As our precedent establishes, a single incident of poor judgment or loss of self-control by a longtime employee may not constitute misconduct under the statute. Id.; see also Bivens v. Trugreen LP, 845 So.2d 347, 348 (Fla. 2d DCA 2003) (reversing denial of benefits and holding claimant did not engage in misconduct by using profanity in one voice mail message to his supervisor and on one occasion on sales floor); Cullen v. Neighborly Senior Servs., Inc., 775 So.2d 392, 392 (Fla. 2d DCA 2000) (holding that isolated incident in which claimant raised voice at his supervisor in private office, but in front of two other employees, and possibly used profanity did not constitute misconduct sufficient to deny unemployment compensation benefits).
In assessing whether an employee’s use of inappropriate language rises to the level of statutory misconduct, we consider several factors, including the frequency of the utterances, the presence of fellow employees or clients, the existence of provocation, and the object of the abusive language. Benitez v. Girlfriday, Inc., 609 So.2d 665, 666 (Fla. 3d DCA 1992) (holding that an isolated incident in which an employee used profanity in a telephone conversation with her supervisor did not constitute misconduct sufficient to cut off unemployment benefits). We are also mindful that we must affirm the U.A.C.’s final order if it is supported by competent, substantial evidence. Bagenstos, 927 So.2d at 156. Our record supports the factual determinations made by the appeals referee and subsequent affirmance by the U.A.C.
We do not question Media General’s right to fire Mr. McMillen for his inappropriate display of pique. Nevertheless, we must agree with the U.A.C. that the isolated comment, uttered outside the presence of the vice president, overheard by few, and made by a longtime employee with no history of similar infractions, did not constitute misconduct warranting disqualification from receiving unemployment compensation benefits.
Affirmed.
NORTHCUTT and STRINGER, JJ., concur.