WARNER, J.
A claimant appeals an order of the Unemployment Appeals Commission (“UAC”) affirming an appeals referee’s decision finding the claimant ineligible for benefits following her discharge from employment. The UAC determined that the claimant was discharged for misconduct connected with work, prohibiting her from receiving unemployment compensation benefits. While the UAC expressly found that she had committed an act of dishonesty, the referee found only that she had violated a policy of her employer. Because the single violation of policy could not constitute misconduct, we reverse.
The decision of the appeals referee included the following findings of fact:
The claimant worked for the employer, a car dealership, from October 8, 2007 until January 31, 2008. The claimant was employed full-time as a cashier in the service department. The employer’s credit card policy, known to the claimant, prohibits any credit card charge unless the card is personally presented to be swiped and the credit slip signed in front of the cashier. On January 23, 2008, the claimant charged two separate customer’s bills, totaling $934.49, to a single credit card number, that was presented to her by a service advisor written on a piece of paper. The credit card holder never presented themselves to the claimant and the charge slip was never signed by the card holder in front of the claimant, but was later returned by the service manager, allegedly signed by the credit card holder. The claimant was discharged on January 31, 2008, by two executive vice presidents for violating the employer’s credit card procedure.
Because the claimant “admitted to knowingly violating the employer’s credit card policy and that she knew she ‘was wrong1 in her action,” the referee found that she “was in clear violation of a known policy and in violation of her duties and obligations to the employer.” Noting that the claimant “had no explanation for accepting a credit card number written on a piece of paper and not demanding to see the actual card, which would have been easily obtainable if the customer was outside” or for “not contacting a supervisor,” the referee found that she failed to show “legal justification or defense to her actions.” The referee concluded that the claimant should be denied benefits because she had intentionally violated the employer’s known policy, constituting misconduct, citing Hines v. Department of Labor & Employment Security, 455 So.2d 1104 (Fla. 3d DCA 1984).
*740 The UAC affirmed the determination of the referee. It acknowledged that “an isolated instance of poor judgment would not constitute disqualifying misconduct sufficient to deny benefits under unemployment compensation law. However, a single act of dishonesty could constitute disqualifying conduct.” It concluded that the record supported the referee’s findings.
On appeal, the claimant argues that her acts constituted a single instance of poor judgment in violating company policy, not dishonesty, which was not found by the referee. She argues that evidence of one isolated incident is insufficient to deny benefits.
Section 443.101(l)(a), Florida Statutes, provides: “An individual shall be disqualified for benefits” when “the individual has been discharged by his or her employing unit for misconduct connected with his or her work.” Misconduct includes “[cjon-duct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee.” § 443.036(29)(a), Fla. Stat. “Whether a claimant committed misconduct connected with work is a question of law.” Saunders v. Unemployment Appeals Comm’n, 888 So.2d 69, 71-72 (Fla. 4th DCA 2004).
The UAC reviews the referee’s decision to ascertain “whether the referee’s findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law.” Lucido v. Unemployment Appeals Comm’n, 862 So.2d 913, 916 (Fla. 4th DCA 2003) (quoting San Roman v. Unemployment Appeals Comm’n, 711 So.2d 93, 95 (Fla. 4th DCA 1998)). The UAC cannot substitute its findings of fact for those of the referee, even though it may reject a referee’s conclusions of law. Id.
Here, the UAC’s order noted that: An isolated instance of poor judgment may be a sufficient reason for an employer to discharge an employee; however, it will not generally constitute disqualifying misconduct under the unemployment compensation law. See Stringfellow v. Fla. Unemployment Appeals Comm’n, 920 So.2d 723 (Fla. 1st DCA 2006) (“[bjecause there [was] no showing in the record that claimant repeatedly violated explicit policies after several warnings,” the court found that claimant’s violation of the employer’s policies without warning did not constitute disqualifying misconduct); Vilar v. Unemployment Appeals Comm’n, 889 So.2d 933 (Fla. 2d DCA 2004).
It then noted that a single act of dishonesty could constitute sufficient disqualifying misconduct to warrant denial of benefits. Nowhere did the referee make a finding that the claimant’s conduct constituted an act of dishonesty. The UAC’s finding of dishonesty cannot be substituted for the referee’s finding of violation of a clear policy. Lucido, 862 So.2d at 916.
As recognized by the UAC, an isolated instance of poor judgment is insufficient to constitute disqualifying misconduct for the purpose of securing unemployment compensation. See Stringfellow, 920 So.2d at 723. Here, the findings of the referee show only a single act of violating a company policy in charging to a customer’s credit card.
The referee relied on Hines v. Department of Labor & Employment Security, 455 So.2d 1104 (Fla. 3d DCA 1984), but it is distinguishable. There an employee had a confrontation with his foreman in front of other employees. Not only did he belligerently refuse to follow a direct work order, he challenged his foreman to fire him, a tactic he had used before and had *741 been warned not to do again. The court found either reason sufficient to constitute misconduct. As to the former, the belligerent refusal to perform the direct order of the foreman in front of the other employees constituted an intentional refusal to follow an order of the employer. As to the latter, because he had been previously warned not to make an offensive challenge to fire him, this too could constitute misconduct. However, the court noted that it would not constitute misconduct if it had been the first time, and no prior warning had been given. Unlike Hines, the claimant in this case did not disobey a direct work order, although she did disobey a company policy. A one-time violation of a company policy usually does not constitute intentional misconduct justifying the denial of unemployment benefits.
In Borland v. Unemployment Appeals Commission, 910 So.2d 320 (Fla. 2d DCA 2005), the court held that a bank teller who had failed to secure her cash drawer on three occasions in violation of bank policy had not committed misconduct sufficient to deny her benefits, noting that the bank had suffered no loss as a result. Here, too, the referee did not make a finding that the car dealership suffered any loss as a result of the transaction. Nor did the referee find that the claimant had ever engaged in similar violation of policies.
At most the findings of the referee reveal a single incident of poor judgment. While this may be sufficient to terminate the employee, it is insufficient under the unemployment compensation law to deny benefits. Borland, 910 So.2d 320.

Reversed with instructions to reinstate benefits.

POLEN and HAZOURI, JJ., concur.