PER CURIAM.
 

 At issue in this unemployment compensation appeal is whether the claimant’s successive absences constituted misconduct sufficient to disqualify her from receiving benefits. The pertinent facts, as found by the appeals referee and supported by competent, substantial evidence in the record, are as follows:
 

 The claimant began working for the employer as a warehouse assistant on March 29, 2007. The claimant was aware of the company’s attendance policy. In November 2008, the claimant received a disciplinary warning for attendance issues. The claimant was verbally warned on three occasions about her attendance and informed that the attendance issues could lead to termination. The claimant notified the owner prior to needing days off for six court dates for domestic violence issues and the days were approved. On January 7, 2009, and January 9, 2009, the claimant was late for work and contacted the warehouse manager prior to being late and when she became aware she would be late. The warehouse manager told the claimant “ok”. On January 8, 2009, and February 2, 2009, the claimant was absent from work for lack of a babysitter. The claimant contacted the owner about the absence and he told her “ok”. On January 12, 2009, and January 13, 2009, the claimant had car problems and was absent from work. That day, the claimant contacted the owner about the absence and he told her “ok”. On February 3, 2009, the claimant was absent.
 

 The referee concluded that notwithstanding evidence the employer presented showing the claimant received verbal warnings about her absences, the employer failed to establish the claimant was fired for misconduct. The Unemployment Appeals Commission (UAC) affirmed the referee’s decision.
 

 “An employee’s actions sufficient to justify discharge from employment do not necessarily constitute misconduct sufficient to bar recovery of unemployment benefits.”
 
 Blodgett v. Fla. Unemployment Appeals Comm’n,
 
 880 So.2d 814, 815 (Fla. 1st DCA 2004). Section 443.036(29), Florida Statutes (2009), defines misconduct sufficient to deny unemployment benefits:
 

 (29) “Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
 

 (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties or obligations to his or her employer.
 

 “Whether a claimant commits misconduct connected with work is a question of law.”
 
 Sauerland v. Fla. Unemployment Appeals Comm’n,
 
 923 So.2d 1240, 1241 (Fla. 1st DCA 2006). “[Mjisconduct is not mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertence, good faith errors in judgment or discretion, or ordinary negligence in isolated instances.”
 
 Frazier v. Home Shopping Club LP,
 
 784 So.2d 1190, 1191 (Fla. 2d DCA 2001). Rather, “misconduct usually involves repeated violations of explicit policies after several warnings.”
 
 Grossman v. J.C. Pen
 
 
 *421
 

 ney Co. 2071,
 
 689 So.2d 1206, 1207 (Fia. 3d DCA 1997).
 
 See also Ash v. Fla. Unemployment Appeals Comm’n,
 
 872 So.2d 400, 402 (Fla. 1st DCA 2004);
 
 Barchoff v. Shells of St. Pete Beach, Inc.,
 
 787 So.2d 935, 936 (Fla. 2d DCA 2001).
 

 Absenteeism
 
 can
 
 constitute misconduct, but an employer must present “ ‘evidence of an employee’s
 
 excessive unauthorized
 
 absenteeism.’ ”
 
 Mason v. Load King Mfg. Co.,
 
 758 So.2d 649, 654 (Fla. 2000) (citing and quoting
 
 Tallahassee Hous. Auth. v. Fla. Unemployment Appeals Comm’n,
 
 483 So.2d 413 (Fla.1986) (emphasis added)). “The term ‘unauthorized’ implicitly connotes an element of wilfulness because it means that the absences were unexcused and without the permission of the employer.”
 
 Id.
 
 at 654-55. And “excessiveness may well depend on factors such as the particular employment context and presence or absence of workplace guidelines.”
 
 Id.
 
 at 655.
 

 Here, the employer failed to prove the claimant’s absences were unauthorized. Most of them were for court appearances for which she gave advance notice and received approval from the employer. On other occasions, she was told “ok” when she called in to explain why she would be late or absent. While the claimant’s absenteeism may have justified her firing, the evidence does not show the absences were unexcused. Thus the appeals referee and the UAC correctly determined that the claimant was not terminated for misconduct.
 

 AFFIRMED.
 

 THOMAS, ROBERTS, and MARSTILLER, JJ., concur.