BENTON, J.
Debora L. Cochran appeals a final order of the Unemployment Appeals Commission affirming an appeals referee’s decision disqualifying her for unemployment benefits on grounds she voluntarily left work without good cause attributable to her employer. Because we find no competent, substantial evidence in the record to support a finding that she left work voluntarily — and because the appeals referee did not address whether she was discharged for misconduct warranting disqualification — we reverse and remand with directions for the appeals referee to determine whether or not Ms. Cochran was discharged for misconduct.
Section 443.101(l)(a), Florida Statutes (2009), governs disqualification for unemployment benefits, and provides, insofar as pertinent here, that the former employee is disqualified if the former employee “has voluntarily left his or her work without good cause attributable to his or her employing unit or ... [if] the individual has been discharged by his or her employing unit for misconduct connected with his or *1197 her work.” The unemployment statutes are to be “liberally construed in favor of a claimant of unemployment benefits who is unemployed through no fault of his or her own.” § 443.031, Fla. Stat. (2009).
Initially, the Agency for Workforce Innovation denied Ms. Cochran unemployment benefits, deeming her disqualified because, the Agency first concluded, she had been discharged for misconduct connected with work. She appealed this initial determination, and the Agency set a telephone hearing to determine, according to the hearing notice, whether she had voluntarily left work without good cause or whether she had been discharged for misconduct connected with work.
On the basis of the testimony adduced at the telephonic hearing, the referee made the following findings of fact (and no others):
The claimant worked for a bowling center as a bartender from March 31, 2005, until October 2, 2009. The general manager noticed that tickets were being ran, and they were not being cashed out. The manager decided to start tracking the claimant’s transaction record. The manager then presented two transactions that were not placed in the system. The claimant denied that she was doing anything. The claimant was then informed that they were going to call the police to present the evidence to them. At that time the claimant walked out, and never returned to work.
But he also concluded[1] that Ms. Cochran was the “moving party in the separation” and should be “considered to have voluntarily quit.”
“After a claimant proves that her employment has ended and that she has not worked for at least a week, the burden shifts to the employer to prove either a voluntary quit, see Gulf County Sch. Bd. v. Washington, 567 So.2d 420 (Fla.1990), or a discharge attributable to the employee’s misconduct connected with work.” Gilbert v. Dep’t of Corn., 696 So.2d 416, 417-18 (Fla. 1st DCA 1997); Lewis v. Lakeland Health Care Center, 685 So.2d 876, 878 (Fla. 2d DCA 1996). At the hearing before the referee, the employer never even alleged that Ms. Cochran left her job voluntarily. Both the general manager and Ms. Cochran testified that she was fired. On this point, their testimony was clear, straightforward and consistent.
Whether an “employee left [his or] her job voluntarily and without good cause is a question of fact within the province of the unemployment appeals referee,” Grossman v. Jewish Cmty. Ctr. of Greater Fort Lauderdale Inc., 704 So.2d 714, 716 (Fla. 4th DCA 1998), but it is not within the province of the referee to make fact findings that have no evidentiary support — or, as here, contradict all the evidence adduced on the point. The uncon-troverted testimony — from both sides— was, not that Ms. Cochran resigned her employment, but that the general manager discharged her. An employer who alleges that a former employee applying for unemployment compensation benefits left employment voluntarily has the burden of proof on that issue. See Porter v. Fla. Unemployment Appeals Comm’n, 1 So.3d 1101, 1102 (Fla. 1st DCA 2009); Willick v. Unemployment Appeals Comm’n, 885 So.2d 440, 442 (Fla. 2d DCA 2004). The employer did not carry this burden in the present case.
*1198 Because the appeals referee found (erroneously) that Ms. Cochran left her job voluntarily, he did not reach the question whether she was guilty of dishonesty or other misconduct of a kind that would have disqualified her for unemployment benefits if she had been discharged.[2] “Misbehavior serious enough to warrant an employee’s dismissal is not necessarily serious enough to sustain a forfeiture of unemployment compensation benefits.” Yost v. Unemployment Appeals Comm’n, 848 So.2d 1235, 1288 (Fla. 2d DCA 2003) (citing Frazier v. Home Shopping Club LP, 784 So.2d 1190, 1191 (Fla. 2d DCA 2001)). “ ‘Whether a claimant commits misconduct connected with work is a question of law.’” Boyd Bros., Inc. v. Fla. Unemployment Appeals Comm’n, 41 So.3d 419, 420 (Fla. 1st DCA 2010) (quoting Sauerland v. Fla. Unemployment Appeals Comm’n, 923 So.2d 1240, 1241 (Fla. 1st DCA 2006)).
“[T]he employer has the burden of establishing an employee’s misconduct.” Borland v. Unemployment Appeals Comm’n, 910 So.2d 320, 322 (Fla. 2d DCA 2005) (citing Gunther v. Barnett Banks, Inc., 598 So.2d 243, 245 (Fla. 2d DCA 1992)). The employer put on evidence of such misconduct, but the referee found only that “two transactions ... were not placed in the system.” The referee did not find the claimant responsible or at fault for these omissions, or conclude that she had been guilty of disqualifying misconduct. The employer is entitled to a ruling on this issue.
Accordingly, we reverse and remand for the referee to determine whether or not Ms. Cochran committed misconduct disqualifying her from receiving unemployment compensation benefits.
ROWE, J., Concurs.
THOMAS, J., Dissents with Opinion.

. Legal conclusions are entitled to less deference than findings of fact. See generally Jacob v. Sch. Bd. of Lee County, 519 So.2d 1002, 1004-05 (Fla. 2d DCA 1987); Heifetz v. Dep’t of Bus. Reg., 475 So.2d 1277, 1282-83 (Fla. 1st DCA 1985).

. The unemployment compensation law defines misconduct as:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
§ 443.036(29), Fla. Stat. (2009).