MARSTILLER, J.
 

 At issue in this unemployment compensation appeal is whether Appellant’s successive absences from work constituted misconduct sufficient to disqualify her from receiving unemployment benefits. Under section 443.036(29), Florida Statutes (2009):
 

 
 *704
 
 (29) “Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
 

 (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties or obligations to his or her employer.
 

 “Misconduct usually involves repeated violations of explicit policies after several warnings.”
 
 Grossman v. J.C. Penney Co.2071,
 
 689 So.2d 1206, 1207 (Fla. 3d DCA 1997).
 
 See also Ash v. Fla. Unemployment Appeals Comm’n,
 
 872 So.2d 400, 402 (Fla. 1st DCA 2004);
 
 Barchoff v. Shells of St. Pete Beach, Inc.,
 
 787 So.2d 935, 936 (Fla. 2d DCA 2001). Absenteeism can constitute misconduct where there is “ ‘evidence of an employee’s
 
 excessive unauthorized
 
 absenteeism.’ ”
 
 Mason v. Load King Mfg. Co.,
 
 758 So.2d 649, 654 (Fla.2000) (citing and quoting
 
 Tallahassee Hous. Auth. v. Fla. Unemployment Appeals Comm’n,
 
 483 So.2d 413 (Fla.1986) (emphasis added)). “The term ‘unauthorized’ implicitly connotes an element of willfulness because it means that the absences were unexcused and without the permission of the employer.”
 
 Id.
 
 at 654-55.
 

 The pertinent facts, as found by the appeals referee and supported by competent, substantial evidence in the record, are as follows:
 

 The claimant worked as a housekeeper for a cleaning company. The claimant worked from December 2007, through September 23, 2009. The claimant was made aware that when her job transferred from a different company to the cleaning company, the cleaning company would keep the same policies and handbook. On July 14, 2009, the claimant used her last sick day because her daughter was in intensive care. The claimant was absent from July 15, 2009, to July 17, 2009, and on August 14, 2009. The claimant was often late to work and often left work early. The claimant was verbally warned that her job was in jeopardy. On July 16, 2009, the claimant had again used all of her sick days. The claimant left early on several occasions. The claimant was in therapy from a workers[’] compensation accident as of August 17, 2009. On the days that the claimant’s therapy was cancelled, the claimant did not show up at work. The claimant was discharged by letter on September 23, 2009 by the president of the company.
 

 On these findings, the referee concluded Appellant’s attendance issues were within her control and continued after warning from the employer. The referee deemed Appellant disqualified from receiving unemployment compensation benefits because “her actions show a wanton and willful disregard of her duties and obligations to the employer.” The Unemployment Appeals Commission (“Commission”) affirmed the referee’s decision.
 

 We find no error in the Commission’s interpretation of section 443.036(29) as applied to the facts above.
 
 See Chapman v. Fla. Unemployment Appeals Comm’n,
 
 15 So.3d 716, 721 (Fla. 1st DCA 2009) (Commission’s interpretation of the statutes it administers is entitled to great weight and will not be overturned unless clearly erroneous). Appellant asserts her absences were excused because she was undergoing treatment for a workplace in
 
 *705
 
 jury. Though she may have been authorized to miss work for therapy sessions, the record shows she was repeatedly absent from work for other reasons, and on those occasions her absences were not authorized.
 

 AFFIRMED.
 

 WEBSTER and LEWIS, JJ„ concur.