MAKAR, J.,
dissenting.
I would affirm because the employer was accommodative of Ms. Ramirez by: (a) pointing out the availability of leave under FMLA, and (b) offering her reinstatement upon her return. Ms. Ramirez pursued neither available option. When offered reinstatement, she simply said it was “no big deal” to have a job with the employer and, instead, chose to file for unemployment benefits soon thereafter. This was job abandonment. § 443.101(2), Fla. Stat. (2013). Sympathy and a degree of legal leniency are justifiably on the side of the employee who has a family emergency, such as the imminent death of a close family member, which occurred here. See, e.g., Tallahassee Primary Care Assoc. v. Unemployment Appeals Com’n, 930 So.2d 824, 827 (Fla. 1st DCA 2006). But the employee must also take advantage of — or at least make a good faith effort to pursue — accommodations extended by the employer. The accommodations extended to Ms. Ramirez distinguish her case from Szniatkiewicz v. Unemployment Appeals Commission, 864 So.2d 498 (Fla. 4th DCA 2004), where the employer summarily dispensed with further employment, telling the employee that if he left there would be no job upon his return. In sharp contrast, the employer here made some efforts at accommodating the employee, both before and after the emergency. That Ms. Ramirez never pursued leave under FMLA and did not even try to be reinstated, decides this case; competent substantial evidence supports the referee’s factual finding that Ms. Ramirez abandoned her *412 job for a reason not attributable to the employer. Cochran v. Unemployment Appeals Comm’n, 46 So.3d 1195, 1197 (Fla. 1st DCA 2010).